## City of Geneva v. People ex rel.

1. MANDAMUS—*When an Order for the Writ is Not Defective.*—An order for a writ of mandamus is not defective in not specifically stating the act to be performed by a city council, where the prayer of the petition is clear and specific and asks only for a writ of mandamus directed to the city council commanding them to pass an ordinance disconnecting the territory therein described.

2. SAME—*Construction of the Statute.*—The provision of the statute (Laws of 1879, p. 77), requiring a city council to disconnect territory when the matter is properly presented to it, is mandatory. Under that act the council had no discretion in the matter, its only function being to see that the territory was located as the statute prescribed and the petition signed as the statute directed.

3. SAME—*The Fact that the Petitioner May Have Received Benefits from the City is Not a Defense.*—A city council is not excused from acting favorably upon a petition to disconnect territory by the fact that the petitioner may have received benefits from the city while such lands were within the corporate limits.

4. DISCONNECTION OF TERRITORY—*Effect of Amending the Statute After the Entry of the Order Granting a Writ of Mandamus.*—Where a

judgment directing a writ of mandamus to issue commanding a city council to pass an ordinance disconnecting certain lands is entered, and subsequently the statute authorizing such judgment is amended so as to vest discretion in the council, if the court at the time the judgment was entered proceeded in conformity with the law as it existed at the time, its judgment must be sustained.

5. EXECUTION—*Can Not Legally Issue Against a City.*—A judgment awarding an execution against a city, so far as the award of the execution is concerned, is improper.

**Mandamus,** to disconnect territory, etc.  Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1901.  Affirmed.  Opinion filed November 15, 1901.

W. J. BROWN, City Attorney, for appellant; BOTSFORD, WAYNE & BOTSFORD, of counsel.

MUNN & WHEELER, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a proceeding instituted under the act of 1879 in relation to the disconnection of territory from cities and villages, Chap. 24, Par. 206, Rev. Stat. (Hurd, 1899), for the purpose of disconnecting certain lands from the city of Geneva.

The amended petition of appellee, Hiram McChesney, after the usual allegations, prays for a writ of mandamus directed to the city council of said city, commanding them to pass an ordinance disconnecting his premises.  The answer denies that appellee is entitled to the relief sought for the reason that, although said lands were for many years within the limits and on the boundaries of the city, yet during said time the petitioner had received and was still receiving benefits from the city in the way of certain improvements made by the city, adjacent to said lands; that the improvements consist in the filling, grading and otherwise fitting for public travel, certain streets adjoining said lands and by extending electric wires of the city upon said streets to the premises of appellee for his special use and benefit; that by reason of said improvements made by said city and the use of the public moneys of the city as aforesaid, said lands have lost their character of farm lands

and are not entitled to be disconnected from the city. A demurrer was filed to the answer which was sustained by the court.

Appellant elected to stand by its answer and the court ordered "that the plaintiff have his peremptory writ of mandamus as prayed for in his petition aforesaid forthwith, together with judgment for his costs and charges by him about his suit in this behalf expended, to be taxed, and that said plaintiff have execution therefor."

It is contended by appellant that the order for the writ of mandamus is defective in not specifically stating the act to be performed by the city council. By a reading of the order alone, appellant would not be informed as to what it was commanded to do. The order simply grants the writ as prayed for in the petition, requiring a reference to the petition to understand what was to be done. The prayer of the petition, however, was clear and specific, asking only for a writ of mandamus directed to the city council commanding them to pass an ordinance disconnecting the territory therein described from said city. A reference to the petition, therefore, readily determines what was ordered by the court to be done. While this form of order is not to be commended, and might, in some cases, result in confusion, yet under the circumstances of this case, we can not hold that it is such error as to warrant a reversal of the judgment.

The provision of the statute requiring a city council to disconnect territory situated as that described in the petition in this case, when the matter is properly presented, is mandatory. In such case no discretion is vested in the council, its only function being to see to it that the territory is located as the statute prescribes and the petition signed as the statute directs. Young v. Carey, 184 Ill. 613.

The council is not excused from acting favorably upon the petition by the fact that the lands of the petitioner may have received benefits from the acts of the city while such lands were within the corporate limits. The answer, therefore, did not present a good defense to the petition and the court properly sustained a demurrer to it.

The judgment directing the mandamus to issue was

entered on May 6, 1901. On May 10th following, an act of the legislature went into effect, amending the law above referred to, so as to vest discretion in the corporate authorities of cities and villages in the matter of disconnecting territory. Session Laws, 1901, p. 96.

By a provision of this act it is made to "apply to and affect all cases where property has not been disconnected by such city council or trustees of such village, whether application has been made for disconnection or not." Appellant claims that as the order of the court had not been complied with and the property in question disconnected from the city before said act went into effect, the provisions thereof must apply to this case and that consequently this cause should be reversed and remanded with directions to the Circuit Court to modify its order.

We are of the opinion, however, that the only question we can consider is whether the order was good in law at the time it was entered. The court below at the time the order was made proceeded in entire conformity with the law as it then existed and we therefore conclude that its judgment should be sustained.

The question whether the city council would be absolved from complying with the order by reason of the amendment to the law is a question which does not arise here and can not affect the decision of the case in this court. That provision of the order which awards an execution against the city for costs, was improper, but as no exception was taken or error assigned upon it, the error must be taken as waived. The judgment of the court below is accordingly affirmed.