(No. 25616.—

The Illinois Central Railroad Company *et al.* Appellants, *vs.* The Village of South Pekin, Appellee.

*Opinion filed October 15, 1940.*

E. E. Horton, Alfred W. Black, Velde & Prettyman, and Ralph Dempsey, (E. C. Craig, Charles A. Helsell, and Nelson Trottman, of counsel,) for appellants.

Louis P. Dunkelberg, (Harold J. Rust, of counsel,) for appellee.

Mr. Justice Murphy delivered the opinion of the court:

In a proceeding under the Disconnection act of 1935 (Ill. Rev. Stat. 1939, chap. 24, par. 385d *et seq.*) the county court of Tazewell county entered an order disconnecting from the village of South Pekin certain described tracts of land referred to as tracts 1 to 6, inclusive. The village appealed and the Appellate Court reversed the judgment as to a part of tract 2, tracts 4, 5, and 6 and remanded the cause with directions as to such tracts. The owners of the several tracts obtained leave to appeal to this court. Tract 1 and a part of tract 2 are not involved on this appeal. The following plat shows the acreage of each tract, its relative location to the others and its proximity to the boundaries of the village.

Tracts 1, 2, and 3 are owned by the First National Bank and Dexter Cummings, as co-trustees under the will of David N. Cummings, deceased, and Henry H. Benjamin and Forrest N. Williams, as co-owners. Tract 2 is bisected by the railroad right-of-way and that part which lies to the north and west of the right-of-way is referred to as tract 2A and the part to the south and east as tract 2B. Tract 4 is used exclusively for switch-track purposes and is owned by the Illinois Central Railroad Company and the trustee of the Chicago and Northwestern Railway Company. Tracts 5 and 6 are railroad right-of-way and owned by the Illinois Central Company.

The original petition included tracts 1, 2, and 3. The railroad company and the trustee obtained leave to intervene and an amended petition was then filed which included all six tracts. The village filed a motion to strike and objections which were treated as an answer. Evidence was heard, but the only questions presented are ones of law and involve the construction of certain provisions of the Disconnection act.

The pertinent parts of the act of 1935 are: Section 1. "The owner or owners of any area of land consisting of one or more tracts lying within the corporate limits of any city, town or village may have the same disconnected from such city, town or village under the provisions of this act if such area of land; (1) contains twenty (20) or more acres; (2) is not sub-divided into city lots and blocks; (3) is located on the border or boundary of the city, town or village; provided, however, that such disconnection shall not result in the isolation of any part of the said city, town or village from the remainder of such city, town or village." The amendment of 1939 added the requirement that the property to be disconnected shall not be contiguous, in whole or in part, to any other city, town or village.

Section 2 gives the owner or owners of any such area of land who desire disconnection permission to file a peti-

tion in the county or circuit court of the county where the land or the greater part thereof is situated. Provision is made for the city, town or village to be made a party to the proceeding.

Appellants' theory is that the statute makes an "area" the unit for disconnection; that several tracts located so as to make an area may be joined to obtain the minimum area of twenty acres although the ownership of the tracts is in severalty.

The village contends ownership is the unit and that if the "area" sought to be disconnected consists of more than one tract the ownership of which is held in severalty, the tracts can not be united to meet the minimum acreage requirements.

The principal object in construing a statute is to ascertain and give effect to the intention of the legislature. (*Fowler* v. *Johnson City and Big Muddy Coal Co.* 292 Ill. 440.) The plain meaning of the language used by the legislature is the safest guide to follow in construing any act, as the court has no right to read into the statute words that are not found therein either by express inclusion or by fair implication. (*Illinois Publishing Co.* v. *Industrial Com.* 299 Ill. 189.) The court should consider every part and give sensible and intelligent meaning to every provision so far as is possible, but the legislative intent must be found in the act and the court must take the words found in the statute according to their ordinary and usual meaning. *Eddy* v. *Morgan,* 216 Ill. 437; *Colton* v. *Trustees of Pension Fund,* 287 id. 56.

The word "area" is ordinarily used in referring to a particular extent of surface. Standing alone the word "area" implies nothing as to size. It may be of large or small extent. The words used in connection with it in section 1 place a minimum limitation as to size. To be an "area" within the meaning of the act it must contain at least 20 acres. The word "tract" as used in the statute

refers to a piece of land capable of being described with such definiteness that its location may be established and boundaries definitely ascertained. The statute provides the "area" may consist of "one or more tracts." If one "tract" contained 20 acres or more, it would be an "area" within the meaning of the statute. Since the statute permits the joining of tracts to make the "area" several tracts may be included. The total acreage of such tracts may equal or exceed the minimum acreage requirement.

The statute provides the "owner or owners of an area" which meets the statutory requirements may have it disconnected, and, by section 2, permission is granted to such owner or owners to file a petition in the court asking for such disconnection. It will be noted the statute refers to the ownership of an "area." The legislature was dealing with "area" as a unit and when reference is made to the ownership of that "area" it includes all persons who owned the "area" whether it consisted of one tract or more than one tract. If the legislature had intended that "area" was to be limited by ownership and would be subject to disconnection only when the ownership was in common, as to the parts included within the "area," it would have so provided. To hold that the words "owner or owners of any area" are to be limited in their application to include only those tracts with a common ownership is to read into the statute a meaning not included within the meaning of the language employed by the legislature.

The village contends that what was said in *Punke* v. *Village of Elliott,* 364 Ill. 604, is controlling here. The facts in the *Punke case* were entirely different from the facts in the instant case and the act was attacked as being unconstitutional. Punke owned approximately one hundred acres of land located within the village of Elliott and filed a petition under the 1935 act to disconnect it. Dickerman owned an acreage of 16.66 acres located within the village and appeared in the proceeding to resist the prayer of Punke's

petition. He did not request the disconnection of his land. The village also appeared in opposition to the petition. Several constitutional questions were presented in this court, and, among others, it was contended the act was unconstitutional for the reason there was no reasonable basis for differentiating between tracts containing less than twenty acres and those which contained twenty acres or more. In a discussion of this question reference was made to the minimum acreage requirement but all that was said in the opinion in reference to the acreage was in answer to the objection raised. The court was not required to construe the statute and there is nothing in the opinion that is applicable here.

The fact that tract 2 was severed by tract 4 leaving tract 2A with an acreage of twenty-three acres and tract 2B of 13.4 acreage is immaterial. These tracts were all within an area and formed a unit to which the statute should have been applied.

An attempt has been made to make a distinction as to tracts 4, 5, and 6 based upon the fact that they are railroad right-of-ways and are devoted exclusively to railroad purposes. The statute does not make the use to which the land is devoted a condition upon which disconnection may be allowed. The legislature has fixed the conditions and the only question the courts are required to consider is whether the owner or owners have presented a case that brings their property within the statute. Such a case has been presented and the court cannot impose another condition not included within the provisions of the act.

The judgment of the Appellate Court as to tracts 2B, 4, 5, and 6 is reversed, and the judgment of the county court is affirmed.

*Judgment of Appellate Court reversed, in part, and judgment of county court affirmed.*