In re Petition for Disconnection of Certain Territory from the Village of Mount Prospect, Cook County, Illinois.

**Gen. No. 45,020.**

Heard in the second division of this court for the first district at the December term, 1949. Opinion filed June 20, 1950. Released for publication July 14, 1950.

FRANK M. OPEKA, of Chicago, for appellant.

ZILLMAN & ZILLMAN, of Chicago, for appellee; CHRISTIAN C. ZILLMAN, JR., of Chicago, of counsel.

Mr. Presiding Justice Schwartz delivered the opinion of the court.

The village appeals from an order entered on the petition of Arthur T. McIntosh & Company disconnecting territory described in the petition from the corporate limits of the village. This is a proceeding under section 7–42 of the "Cities and Villages Act" (ch. 24, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 21.1233]). This statute provides that the owners of a tract of land lying within the corporate limits of any municipality which (1) is not contiguous in whole or in part to any other municipality; (2) contains twenty or more acres; (3) is not subdivided into municipal lots and blocks; (4) is located on the border of the municipality; and (5) which, if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality, may have the area disconnected by petition and order filed in the manner therein set forth.

Parcel 1, it is admitted, meets all the requirements of the statute. It abuts on both the west and north borders of the village. Parcel 2, however, standing alone, neither adjoins nor abuts on the west or north borders. Following is a sketch revealing the position of the parcels: [see page 274]

It will be noted that Parcel 1 is on both the north and west limits of the village; that Parcel 2 lies between a subdivided portion of the village on the west and the eastern part of the village; that running through the village is the Northwest Highway and the right-of-way of the Chicago & Northwestern Railroad Company. It is the contention of the village that Parcel 2 does not meet the requirement of location on the border and that its disconnection would isolate the western portion from the eastern portion of the village. To this, petitioner or plaintiff replies that under the statute, several parcels may be joined to form an area and that Parcel 2 being joined with Parcel 1 for

North

Limits

Parcel 1.

20 Acres

Limits

LIMITS

VILLAGE

Parcel 2

46 Acres

NORTHWEST HIGHWAY

C N W R.R.

Not incl.

VILLAGE

MAIN PORTION OF VILLAGE

Village

this purpose, Parcel 2 also now abuts on the north border of the village; that the western portion will not then be isolated from the eastern portion of the

village because it is still connected by an 82-foot wide highway "in the grassy gutter or ditch of which all public utilities to serve the subdivision can be laid from the center of the municipality to the subdivision, allegedly 'isolated.' "

█ Both sides agree that the statute should be given a sensible, intelligent and reasonable meaning. Petitioner cites the case of *Illinois Cent. R. Co. v. Village of South Pekin,* 374 Ill. 431, 436, as supporting its position. An examination of that case, however, discloses that the question involved was whether divers owners, by combining small tracts so as to constitute an area of twenty acres or more, could bring themselves within the intent of the statutory provision as to the required size. The Appellate Court so stated the problem in its opinion, and held that they could not. (*First Nat. Bank v. Village of South Pekin,* 303 Ill. App. 269, 278.) The Supreme Court reversed the Appellate Court and held that they could. The case does not support the position of petitioner on the question involved. If petitioner's position is sound, then one small corner of a parcel touching on the limits of a village could be said to be located on the border; or to put it another way, if the point of a triangular piece of land abutted on the village limits, the whole piece according to petitioner's argument, would be "located on the border." By attaching the 46-acre tract involved in this case to the 20-acre tract, they make a little tail wag a big dog and ask the court to hold that thereby Parcel 2 is located on the border. This is not a reasonable construction of the law. Because the dog's tail rests on the border does not mean that the dog is located on the border.

█ The further argument is made that if the order is allowed as to Parcel 1, then Parcel 2 automatically would be on the border. It is our opinion that it still would not be "located on the border" within any reasonable interpretation of the law.

If, however, that be not the proper construction of the statute with respect to location on the border, it is clear beyond reasonable argument that by this disconnection, the tract west of Parcel 2 is isolated from the rest of the village. Petitioner says that nothing short of an isolation which makes an island of the isolated section is within the meaning of the Act. It argues that the Northwest Highway, remaining after disconnection, is sufficient connection between the eastern and western portions of the village, because the village can lay its utilities "in the grassy gutter or ditch" of the highway. Other things than pipes and wires go to make up a village. To use petitioner's own designation, we think that the westerly tract would be considered an island, even though it may be connected by the highway with the other part of the village. Throughout the country many tracts of land are called "islands" although they may be connected with the mainland by thoroughfares, causeways and viaducts.

We hold that Parcel 2 is not located on the border of the village and we hold that disconnection of Parcel 2 would isolate the westerly tract from the remainder of the village.

For the reasons stated herein, the order and judgment of the county court of Cook county is reversed and the cause remanded for other and further proceedings not inconsistent with the views herein expressed.

*Order and judgment reversed and cause remanded.*
SCANLAN and FRIEND, JJ., concur.