Independent Amusements, Inc., Plaintiff-Appellee, v.
Village of Milan, Defendant-Appellant.

Gen. No. 10,562.

Opinion filed September 18,

258

1952. Rehearing denied December 10, 1952. Opinion modified on rehearing. Released for publication December 10, 1952.

SAMUEL M. GILMAN, of Milan, for appellant.

HUBER, REIDY & KATZ, of Rock Island, for appellee; ISADOR I. KATZ, of Rock Island, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

Section 42 of article 7 of the Cities and Villages Act (Ill. Rev. St. 1949, chap. 24, art. 7, sec. 42 [par. 7–42]) [Jones Ill. Stats. Ann. 21.1233] provides, in part: "The owner of [or] owners or [of] record of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality, which (1) is not contiguous in whole or in part to any other municipality; (2) contains twenty or more acres; (3) is not sub-divided into municipal lots and blocks; (4) is located on the border of the municipality; and (5) which, if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality, may have the area disconnected." The procedure to be followed to bring about the disconnection of such an area from the designated municipality is outlined in the following subparagraph of the same section.

On February 23, 1951, the plaintiff filed in the county court of Rock Island county its petition to disconnect approximately twenty-five acres of land, of which it was the owner of record, from the Village of Milan in accordance with the provisions of the statute. The Village answered the petition, and by its answer two questions of fact were presented for determination. First, is the area sought to be disconnected located on the border of the Village, and, second,

would disconnection of said area isolate any portion of the Village of Milan from the remainder of the Village?

The cause was heard by the court upon a stipulation of facts, resulting in an order granting the prayer of the petition and disconnecting the area from the Village of Milan. To reverse this order, the Village prosecutes this appeal.

It appears from the stipulation of the parties that appellee is the owner of record of the area sought to be detached and which was correctly described in the petition and in the order of detachment; that this area consists of one component tract of land and contains approximately twenty-five acres and lies within the corporate limits of appellant; that it has not been and is not now subdivided into any municipal lots or blocks and is not contiguous in whole or in part to any municipality other than appellant; that this area is bounded on the south by Andalusia Road, also known as Illinois State Aid Route No. 9, and on the east by Illinois State Highway No. 67; that its southerly line along Andalusia Road is 854.6 feet in length and runs directly east and west; that its westerly line is 297 feet east of the east line of Fourth Street in the Village of Milan; that said westerly line runs from Andalusia Road 1274 feet to the north; that the easterly line of said area runs from the south line of Andalusia Road northerly along the west line of Illinois State Highway No. 67 for a distance of 1276.85 feet, and the distance of said area east and west along the north line of said tract is ·890.75 feet.

It further appears from the stipulation of the parties that there are no roads or public ways of any description running across any portion of said area which connect any one part of the Village of Milan with any other part of said Village; that the area is used ex-

clusively as an outdoor theatre and a miniature golf course; that Illinois State Highway No. 67 runs immediately adjacent to the east line of said area, and the right of way of said highway is approximately 250 feet and this right of way is occupied by four lanes of concrete paving; that Andalusia Road, which runs easterly and westerly immediately adjacent to the south of said area is a regulation Illinois paved highway and connects up with Fourth Street which runs north and south through the Village of Milan, said Fourth Street being 297 feet west of the west line of said area sought to be detached. It was further stipulated that all property fronting the east side of Fourth Street from the south line of Andalusia Road and running northerly to the railway tracks of the Rock Island Southern Railroad, which runs east and west at a point north of the area sought to be detached, is owned by various private owners not including appellee; that all the territory immediately north of the north line of the area sought to be disconnected and east of the east line of Fourth Street in the Village of Milan which lies immediately south of the said tracks of said railroad, constitutes ground which has never been subdivided into municipal lots or blocks; that the territory within the Village and lying north of said railroad tracks is, for the most part, subdivided into municipal lots or blocks; that the south boundary of the Village is Andalusia Road; that the west boundary is a section line located 1745 feet west of the western edge of the area sought to be detached; that the east boundary of said Village is Mill Creek, which intersects the southern boundary of said Village at a point 400 feet east of a north and south half-section line and meanders in a northerly direction approximately 900 feet, then in a westerly direction to said half-section line and then in a northwesterly direction; that at no point is the east boundary of the Village less than 700 feet

east of the eastern edge of the area sought to be detached.

Counsel for appellant contend that the area sought to be disconnected is not located on the border of the Village of Milan within the meaning of the statute and calls our attention to that part of the stipulation which discloses that this area is used as an outdoor or drive-in theatre and miniature golf course, which uses, counsel assert, are urban purposes. "The legislature," continue counsel, "must have intended the word 'border' in more than a geographical sense. It had in mind that land owned in large undivided tracts in the fringe areas of municipalities which was largely rural in character was entitled to be disconnected, but the mere geographical contiguity of a given tract on the limits of a municipality could not be considered to be sufficient to entitle the tract to disconnection when the tract was completely urban in character." What the legislature contemplated or had in mind when it enacted section 42 of article 7 of the Cities and Villages Act must be determined from the language it employed. That section says that the area sought to be detached must be located on the border of the municipality. The stipulation says that the south boundary of the Village is Andalusia Road, a regulation Illinois paved highway, and that this area sought to be detached is bounded on the south by this road which runs easterly and westerly immediately adjacent to the south of said area and that said area runs along that road for a distance of 854.6 feet. The diagram prepared by counsel for appellant and which is based upon the stipulation of the parties discloses that the entire southerly boundary of this substantially rectangular area sought to be detached and the south village limits of appellant are contiguous for a distance of 854.6 feet. The Century Dictionary and Encyclopedia defines the word border as a "limit or

262

boundary." This area sought to be detached is unquestionably located on the southern border, boundary or village limits of appellant. If it is not so located it has not been suggested where it is. Counsel for appellant cite and rely upon *In re Petition for Disconnection of Certain Territory from the Village of Mount Prospect, Cook County, Illinois,* 341 Ill. App. 272; 93 N. E. (2d) 578.

In the *Mount Prospect Village* case it was sought to disconnect from the village two parcels of real estate. Parcel 1 consisted of 20 acres and the parcel 2 contained 46 acres. Parcel 2 was immediately south of parcel 1. The court said that parcel 1 met all the requirements of the statute and abuts on both the west and north borders of the village; that parcel 2 lay between a subdivided portion of the village on the west and the eastern part of the village and standing alone neither adjoins nor abuts on the north or west border of the village and held that parcel 2 was not located on the border of the village and that to disconnect parcel 2 would isolate the westerly tract from the remainder of the village. In the instant case the entire south boundary line of the area here sought to be disconnected is identical with the south line of the Village. The entire tract abuts the south border of the Village. There is nothing said in the *Mount Prospect* case helpful to a correct decision or determination of this case.

It is also insisted by appellant that the disconnection of the area involved in this proceeding isolates the portion of the Village located west of this area from the portion of the Village lying east of it. There is no merit in this contention. The disconnected area borders the Village limits on the south. It is stipulated that the main area of the Village lies north of the south border of the Village. The only access which the portion of Milan lying west of the disconnected tract

and north of Andalusia Road, had to the main part of the Village was Fourth Street. After disconnection, this road, which lies some distance west of appellant's west boundary, will remain. The southwest portion of the Village has and will continue to have Andalusia Road which borders the south boundary of the Village from its most westerly part to Illinois State Highway 67 which lies east of the east boundary of the area sought to be disconnected.

The record in this case as stated by counsel for appellee, clearly indicates that no single municipal function or activity of the Village of Milan will be disturbed by disconnection of the area involved in this proceeding and as pointed out by the trial court in its opinion access from any part of the Village to any other part thereof will remain absolutely identical after disconnection as before, that the land sought to be disconnected is located upon the border of the Village of Milan and if disconnected, will not result in the isolation of any part of the municipality from the remainder of the Village.

Counsel for appellant insists that this court should take judicial notice of the fact that outdoor theatres may be used as an effective means of projecting pictures only during the hours of darkness; that great crowds collect and disperse within a few hours; that demands upon municipal utilities are collected within a short period of time; that police problems are presented which are far greater than any normal urban demand and that patrons are necessarily dispersed at the conclusion of the film presentations and vehicles are poured upon the highways of the municipality at that time and that disconnection would compel the Village to continue to cope with the present police and other problems created by appellee while permitting appellee to entirely escape the cost thereof and the necessary regulations. As stated in *Illinois*

*Central R. Co. v. Village of South Pekin,* 374 Ill. 431, 436, the statute does not make the use to which land sought to be disconnected is devoted a condition upon which disconnection may be allowed. The legislature has fixed the conditions and the only question the courts are required to consider is whether the owner has presented a case that brings the property involved within the statute. If such a case is presented the court cannot impose another condition not included within the provisions of the statute.

The judgment of the county court is in accord with the law and the stipulated facts in this case and that judgment will be affirmed.

*Judgment affirmed.*