Fred Van Bebber and Stella Van Bebber, Plaintiffs-Appellants, v. Village of Scottville, Defendant-Appellee.

Gen. No. 10,117.

Third District.

May 20, 1957.

Released for publication June 5, 1957.

Oblinger and Oblinger, of Springfield, Fred N. Herr, of Waverly (Fred N. Herr, of Waverly, and Walter L. Oblinger, of Springfield, of counsel) for appellants.

Hemphill and Kelsey, of Carlinville, for appellee.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

Plaintiffs Fred Van Bebber and Stella Van Bebber, husband and wife, filed their complaint in the County court of Macoupin county, Illinois, under the provisions of Chapter 24, Article 7, Section 42, Illinois Revised Statutes (1955), to disconnect certain farm property owned by them in joint tenancy, from the village of Scottville, Illinois. All of the land sought to be disconnected lies within the village limits of Scottville, and consists of six tracts, as follows: One tract of 33 acres, bounded on the east by the easterly village limits of Scottville; one tract of 27 acres, lying south of the 33 acre tract, bounded on the east by the easterly village limit of Scottville; one tract of 10.75 acres, bounded on the east by the 27 acre tract, and on the west by an unnamed street of the village of Scottville; one tract of 1.75 acres, bounded on the north and east

by a portion of the 10.75 acre tract, and on the west by the unnamed street of the village; one tract of 2.50 acres, bounded on the south and east by the 10.75 acre tract, on the west by the unnamed street of the village, and on the north by another tract of .49 acres; one tract of .49 acres, bounded on the south by the 2.50 acre tract, on the east by the 10.75 acre tract, on the north by Laurel Street of the village, and on the west by the unnamed street of the village. In other words, the 33 acre tract and the 27 acre tract were bounded on the east by the easterly village limit and the other four tracts, the 10.75 acre tract, the 1.75 acre tract, the 2.50 acre tract, and the .49 acre tract, were bounded on the west by the unnamed street of the village, but all six tracts were contiguous to each other, could have been identified and shown as one tract or area, with one continuing line encircling the whole tract, with only one line of said whole tract bordering on a street of the village. The area in question or the six tracts, had not been platted into lots or blocks, and the testimony showed that the six tracts were owned by the plaintiffs in joint tenancy, four of them, namely the 33 acre tract, the 27 acre tract, the 10.75 acre tract, and the 1.75 acre tract having been acquired in the same transaction by Stella Van Bebber, from her father's estate, and later title was vested in her and her husband in joint tenancy and the other two tracts, the 2.50 acre tract and the .49 acre tract were acquired in 1945 from the son Ward Van Bebber and these two tracts are held in joint tenancy by the plaintiffs. The whole tract is operated or used as one farming operation by the plaintiffs and their son Ward. There are two houses on the land, one on the 1.75 acre tract, where the plaintiffs live, and one on the 2.50 acre tract, where a brother and sister of Stella Van Bebber live. The unnamed street to the west is an improved street, with two street lights on the street near the two homes

mentioned. The testimony showed that the street and the lights are maintained by the village, although there is some testimony that the owners donated certain labor and materials for the construction of the street when built, and that there is an annual picnic held for the benefit of street maintenance. The amount of taxes to the village amounts to 18 cents per acre per year, or a total for the whole area of $12.49 per year.

The statute in question provides as follows:—

"The owner or owners of record of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality, which (1) is not contiguous in whole or in part to any other municipality; (2) contains twenty or more acres; (3) is not sub-divided into municipal lots and blocks; (4) is located on the border of the municipality; and (5) which, if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality, may have the area disconnected as follows:

"The owner or owners of record of any such area of land shall file a petition in the county or circuit Court of the county where the land is situated, alleging facts in support of the disconnection. The municipality from which disconnection is sought shall be made a defendant, and it, or any taxpayer residing in that municipality, may appear and defend against the petition. If the court finds that the allegations of the petition are true and that the area of land is entitled to disconnection it shall order the specified land disconnected from the designated municipality." Illinois Revised Statutes, (1955), Chapter 24, Article 7, Section 42.

Five requirements are set up by the statute and before a disconnection can be had, these requirements must be met. Of these five essential requirements, Nos. 1, 2, 3 and 5 are not in dispute. This would leave

461

No. 4 as the only point in dispute. That requirement is that the area of land be located on the border of the municipality. Two of the tracts, the 33 acre tract, and the 27 acre tract, being on the easterly corporate limits of the village, definitely meet this requirement. This leaves only one question to be decided. Are the six tracts to be considered as one area of land, as defined by the statute, or are they to be treated and determined as six separate tracts. If they are to be treated as separate tracts, 60 acres of the land in question meet all five requirements and must be detached. If the six tracts are to be considered as one area, the whole 75.49 acres could be considered as meeting the five requirements. The decision and judgment of the trial court does not state upon what ground the complaint and petition was denied, simply holding that the allegations of the petition were not true or proven and that the area of land described is not entitled to disconnection. From the decision and judgment denying the petition, the plaintiffs appeal to this court.

■■ The issue here is whether or not these lands sought to be disconnected meet the requirements of the statute governing. If the lands do meet those requirements, there is no discretion lodged in the trial court but the petition must be granted. On the other hand, if the lands fail to meet any one of the requirements then the petition must be denied. Here the only point that can be raised is that the lands in question are not located on the border of the municipality. Although there may have been collateral questions raised in the trial, there is no estoppel, and can be no estoppel to defeat the operation of the statute, if such a petition is filed, and due proof made. The fact that the petitioners or the owners of the lands may have received benefits from the municipality, such as lights, access to streets or roads, and other city services or conveniences, while such lands were within the limits

of the municipality, regardless of the length of time such lands were within such municipality, is not a defense or bar to disconnection. City of Geneva v. People, 98 Ill. App. 315. When that case was decided in 1901, the act of disconnecting land from a municipality was by action of the city council. While the law has been changed and now the matter of disconnection is by either the County or Circuit Court of the county where the land is situated, the language of that case is still applicable. The court in that case on page 317 said: "The provision of the statute requiring a city council to disconnect territory situated as that described in the petition in this case, when the matter is properly presented, is mandatory. In such case no discretion is vested in the council, its only function being to see to it that the territory is located as the statute prescribes and the petition signed as the statute directs. Young v. Carey, 184 Ill. 613." And in this case, although the procedure is somewhat different, the duty upon the court is the same duty imposed formerly on the city council, namely, that if requirements for disconnection of territory from a municipality are met, the court must order it disconnected.

■ In this case there are six tracts. Two of them are located on the border of the village of Scottville. Four of them are not so located on the border of the village, but are contiguous to the two that are so located, so that the area sought to be disconnected is one contiguous area of 75.49 acres. The statute uses the language "any area of land consisting of one or more tracts". "Area" has been defined as meaning several tracts, which may be joined together to make up the acreage required, namely 20 acres. Ill. Central R. R. Co. v. Village of South Pekin, 374 Ill. 431. In that case the ownership of the several tracts was not identical, the railroad owning some of the tracts and other tracts being owned by trustees under the will of

463

a decedent. The court in that case held that different ownership did not prevent the granting of the petition. The court in passing on this, said: "It will be noted the statute refers to the ownership of an 'area'. The legislature was dealing with 'area' as a unit and when reference is made to the ownership of that 'area' it includes all persons who owned the 'area' whether it consisted of one tract or more than one tract. If the legislature had intended that 'area' was to be limited by ownership and would be subject to disconnection only when the ownership was in common, as to the parts included within the 'area', it would have so provided. To hold that the words 'owner or owners of any area' are to be limited in their application to include only those tracts with a common ownership is to read into the statute a meaning not included within the meaning of the language employed by the legislature."

And the court in the same case, in defining "area" said: "The word 'area' is ordinarily used in referring to a particular extent of surface. Standing alone the word 'area' implies nothing as to size. It may be of large or small extent. The words used in connection with it in section 1 place a minimum limitation as to size. To be an 'area' within the meaning of the act it must contain at least 20 acres. The word 'tract' as used in the statute refers to a piece of land capable of being described with such definiteness that its location may be established and boundaries definitely ascertained. The statute provides the 'area' may consist of 'one or more tracts.' If one 'tract' contained 20 acres or more, it would be an 'area' within the meaning of the statute. Since the statute permits the joining of tracts to make the 'area' several tracts may be included. The total acreage of such tracts may equal or exceed the minimum acreage requirement."

■ This language is clear and easily understood. In reading it, we come back to the one requirement that seems to be in dispute, namely that the land in question is or is not located on the border of the municipality. If the language of our Supreme Court in the Ill. Central R. R. Co. v. Village of South Pekin case is to be applied to this case, then the "area" sought to be disconnected does comply with the requirement. If the several tracts, being contiguous, constitute an area that is located in part on the border of the municipality, then the fact that in the trial, or by maps or plats, the several tracts are shown or identified separately, does not alter the fact that this is one "area" and as one area it is located on the border of the village of Scottville. To hold otherwise would be to distort the meaning of the statute beyond anything the legislature intended. Our courts have held that the statute as to disconnection of lands from municipalities should be construed liberally. In the case of Woodward Governor Co. v. City of Loves Park, 335 Ill. App. 528, the court there said: "we are of the opinion that section 7—42 of the Cities and Villages Act of 1941 should be construed liberally; that it was enacted for the purpose of granting relief to taxpayers." And as previously noted the courts have very little, if any, discretion in passing upon such a petition. As said in the case of Independent Amusements, Inc. v. Village of Milan, 348 Ill. App. 258, at page 265:—"The legislature has fixed the conditions and the only question the courts are required to consider is whether the owner has presented a case that brings the property involved within the statute."

The only case relied upon by the defendant village of Scottville is that of In re Disconnection of Certain Territory of Mt. Prospect, 341 Ill. App. 272. In that case Parcel 1 consisting of 20 acres was located on the border of the Village of Mt. Prospect. Parcel 2, con-

465

sisting of 46 acres was adjacent to Parcel 1 on the south and had its northwest corner at the village border. Only this corner touched the border. The court in that case seems to base its decision on this fact, and used this language in reaching its decision:—"If petitioner's position is sound, then one small corner of a parcel touching on the limits of a village could be said to be located on the border; or to put it another way, if the point of a triangular piece of land abutted on the village limits, the whole piece according to petitioner's argument, would be 'located on the border'. By attaching the 46-acre tract involved in this case to the 20-acre tract, they make a little tail wag a big dog and ask the court to hold that thereby Parcel 2 is located on the border. This is not a reasonable construction of the law. Because the dog's tail rests on the border does not mean that the dog is located on the border."

In that case the ownership of Parcels 1 and 2 was identical. Yet the court in that case further said: "The further argument is made that if the order is allowed as to Parcel 1, then Parcel 2 automatically would be on the border. It is our opinion that it still would not be 'located on the border' within any reasonable interpretation of the law." We cannot agree with the reasoning or decision in that case. It is completely contrary to the law as laid down in the case of Ill. Central R. R. Co. v. Village of South Pekin, 374 Ill. 431. That case held that since the statute permits the joining of tracts to make the "area" several tracts may be included. Obviously, where several tracts are included to make up an "area" as defined in the statute, some of those tracts could not be located on the border. Yet the court in the Mt. Prospect case, would not permit this to be done. Again, this reasoning and decision in the Mt. Prospect case is directly in conflict with the law as laid down in the Ill. Central R. R. Co. v. Village of South Pekin case, where that court said:

466

"The legislature was dealing with 'area' as a unit and when reference is made to the ownership of that 'area' it includes all persons who owned the 'area' whether it consisted of one tract or more than one tract." To change the language of that case to fit this case, or any other, it might just as logically be said that the legislature was dealing with "area" as a unit and when reference is made to an "area" it included all tracts within that area.

 In the case here, using the definition of an "area" as laid down in the Ill. Central R. R. Co. v. Village of South Pekin case, tracts Nos. 1, 2, 3, 4, 5 and 6 are all within the area sought to be disconnected, and since one part of the area borders on the village border, the whole area must be held to come within and comply with the requirement of the statute that the land sought to be disconnected must be located on the border of the municipality. To hold otherwise would be to defeat the very purpose of the statute. All the other requirements being met, this court must hold that the allegations of the petition were proven and that the area of land sought to be disconnected, is entitled to disconnection from the village of Scottville.

The judgment of the County Court is reversed and the cause remanded with directions to proceed in accordance with views expressed herein.

Reversed and remanded with directions.