Charlotte Gieseking and Louis Best, Plaintiffs-Appellees, v. Village of Harvel, Defendant-Appellant.

**Gen. No. 10,271.**

Third District.
February 18, 1960.
Released for publication March 7, 1960.

Hershey and Bliss, of Taylorville (William J. Meyer, Jr., of counsel) for defendant-appellant.

Kenneth E. Moss, of Nokomis, for plaintiffs-appellees.

JUDGE ROETH delivered the opinion of the court.

Plaintiffs, Charlotte Geiseking and Louis Best, own certain farm land in Christian County and located within the village limits of Harvel. Said property comprises 78 acres and is described as the W½ of the SW¼ (except 2 acres out of the NW corner) of Section 34, Township 11 North, Range 4 West, of the 3rd P. M. The Village limits of Harvel originally included the E½ of Section 33 and the W½ of Section 34 in said township and range aforesaid. The E½ of the SW¼ of said Section 34 (except 5 acres in the SW corner thereof used as a cemetery) was disconnected from the corporate limits of the Village by court proceedings in March of 1957. The Village of Harvel is the present owner of the 5 acre cemetery tract located in the SW corner of the E½ of the SW¼ of said Section 34, which property is located within the Village limits. The original incorporation of the defendant described the boundaries of defendant as follows: beginning at the SE corner of the SW¼ of Section 34, Township 11 North, Range 4 West of the 3rd P. M., thence W one mile, thence N one mile, thence E one mile and thence S one mile to place of beginning. Plaintiffs sought in this proceeding to disconnect 76 acres of the 78 acres of land which they own in the Village of Harvel, and in doing so, left in said Village a 2 acre strip along the east side of said tract in order to

connect the 5 acre cemetery tract owned by the Village to the remainder of the Village. Said 2 acre strip is approximately 2640 feet long and 33 feet in width.

Upon the hearing in the County Court the parties stipulated that the Village of Harvel has title to a cemetery located within the municipality and comprising five acres which adjoins the Southeast corner of the property owned by plaintiffs, i.e., West Half of the Southwest Quarter of Section 34, Township 11 North, Range 4 West, of the 3rd P. M. The parties also stipulated that the first four conditions required by Sec. 7—42 of Chap. 24, Illinois Revised Statutes 1957, have been met and the only question to be decided was whether the land sought to be disconnected meets the fifth requirement, that is, that the disconnection will not result in the isolation of any part of the municipality from the remainder of the municipality. The County Court ordered disconnection of the territory and this appeal followed.

Plaintiffs' counsel relies principally upon Independent Amusements, Inc. v. Village of Milan, 348 Ill. App. 258, 109 N.E.2d 238, to support the correctness of the trial court's order. He also cites cases which hold that the provisions of the statute should be liberally construed, with which rule there can be no argument. Defendant's counsel rely upon In re Village of Mount Prospect, 341 Ill. App. 272, 93 N.E. 2d 578, in contending that the order of the trial court should be reversed.

In examining Independent Amusements, Inc. v. Village of Milan, supra, we find that the principal question involved was the question of whether or not the tract involved was on the border of the municipality. It is true that the court held that disconnection of the tract involved would not result in the isolation of any part of the municipality from the remainder of the village. When, however, a plat is drawn from the

442

elaborate and detailed description of the location of the tract, as is contained in the opinion, and examined, it becomes very apparent that this conclusion is properly reached.

In In re Village of Mount Prospect, supra, it was held that a tract of land connected to the village by only an 82 foot highway was isolated from the village.

In the case at bar the 5 acre cemetery owned by the village will be ½ mile from the village limits, out in the country, standing like an island, except for a narrow 33 foot corridor extending from the village limits to it. It is obvious that the exclusion of this narrow strip from the 78 acres of land owned by the plaintiffs is a mere subterfuge designed to meet what plaintiffs regard to be a compliance with the letter of the statutory provisions. In our opinion this does not comply with the spirit of the statute and we do not believe the legislature intended any such result.

Accordingly the judgment of the County Court of Christian County will be reversed.

. Reversed.

REYNOLDS, P. J. and CARROLL, J., concur.