Petition for rehearing denied.

MEJDA and WILSON, JJ., concur.

*In re* PETITION FOR REFERENDUM CONCERNING DISCONNECTION OF PROPERTY FROM WORTH-PALOS PARK DISTRICT.—(ALSIP PARK DISTRICT, Petitioner-Appellee, *v.* WORTH-PALOS PARK DISTRICT, Respondent-Appellant.)

First District (4th Division)   No. 76-117

Opinion filed June 16, 1977.

David D. Krneta and Anthony M. Barrett, both of Worth, for appellant.

Lester D. McCurrie and Burke & Burke, Ltd., both of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the circuit court of Cook County granting a petition requesting a referendum be held regarding disconnection of certain Park District property.

Submitted for review is the question of whether section 3—12 of the Park District Code (Ill. Rev. Stat. 1975, ch. 105, par. 3—12) is contrary to the Illinois Constitution, in that (1) it is violative of article III, section 3 (Ill. Const. 1970, art. III, §3) which provides all elections be free and equal; (2) it is violative of article IV, section 13 (Ill. Const. 1970, art. IV, §13) which prohibits special legislation; (3) it is violative of article III, section 4 (Ill. Const. 1970, art. III, §4) which mandates the conduct of elections be general and uniform; or (4) it creates a classification of disfranchisement which is arbitrary and capricious, thereby violating equal protection guarantees.

On June 27, 1975, there was filed in the circuit court of Cook County a petition requesting said circuit court call for a referendum for the purpose of voting for or against the disconnection of certain Park District property of about 640 acres from the Worth-Palos Park District and annexation of that property to the Alsip Park District pursuant to section 3—12 of the Park District Code.

On August 7, 1975, Worth-Palos Park District (respondent) filed a motion to strike and dismiss the petition, which was denied on November 7, 1975. Notice of appeal was filed on December 5, 1975.

On December 16, 1975, the referendum on the question to disconnect the subject property was held. Pursuant to the results of said referendum,

an order was entered by the trial court on December 30, 1975. By the terms of this order, the subject property was disconnected from the Worth-Palos Park District and annexed to the Alsip Park District.

Section 3—12 of the Park District Code provides, *inter alia*:

"Whenever territory within a municipality is included within the territory of 2 park districts, a petition, signed by at least 2% of the registered voters in that municipality, including at least 50% of the registered voters in the territory sought to be disconnected from the one district and annexed to the other, may be filed in the circuit court for the county in which the municipality is located praying that all territory within the municipality be incorporated within the territory of a single park district by disconnection of territory from the district named in the petition and annexation of that territory to the other district named in the petition.

When such a petition is filed, the circuit judge shall order that the proposition for annexation and disconnection shall be submitted to referendum in the municipality at the next general election or at any special election called for that purpose, in which case Section 3—3 shall govern the manner of holding the election. * * *

If a majority of the votes cast upon the question by those voting in the territory proposed to be disconnected from one district and of those voting within the remainder of the municipality is in favor of the proposition, the territory there described shall be disconnected from the one district and annexed to the other. * * *"

The respondent acknowledges the legislature has the authority to alter municipal boundaries, as long as such alteration is consistent with constitutional provisions. However, respondent urges section 3—12 of the Park District Code disfranchises those voters who reside in Worth-Palos Park but outside of the subject property.

■■■ We hold section 3—12 of the Park District Code affords equal protection to all persons affected by it, inasmuch as the statute requires the same means and methods for disconnection be employed by any persons seeking disconnection. The statute operates uniformly upon all persons similarly situated. No particular right, privilege or immunity was granted the petitioner that was not likewise conferred upon others in like situation. Similarly, said statute is not a special or local law, as prohibited by article IV, section 13 of the Illinois Constitution of 1970, and is a general and uniform law as required by article III, section 4 of the Illinois Constitution of 1970. A general law is one which includes all persons, classes and property similarly situated.

The Supreme Court of Illinois has passed on the validity of statutes such as that presently involved, in *Punke v. Village of Elliott* (1936), 364

Ill. 604, 5 N.E.2d 389. In that case the constitutionality of a disconnection statute was at issue. The statute provided owners of land lying within corporate limits of the city could disconnect from said city by filing a petition with the county or circuit court. Certain procedures were set out in the statute, and there was no provision made for any vote by the remaining citizens of the municipality. The court found there was no violation of constitutional provisions and the statute was a valid exercise of legislative power.

The logic of the law as stated in *Punke* controls here. The act in question does not offend any of the constitutional provisions urged, and is a valid exercise of legislative power.

For the foregoing reasons the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.