In re ANNEXATION TO BRIDGEVIEW PARK DISTRICT.—(BRIDGEVIEW PARK DISTRICT, Petitioner-Appellant, v. HICKORY HILLS PARK DISTRICT, Respondent-Appellee.)

First District (1st Division)   No. 76-1502

Opinion filed July 10, 1978.

Raymond H. Borkenhagen, of Borkenhagen & Sprague, of LaGrange, for appellant.

Joseph P. McGah, of McGah & McGah, of Forest Park, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

The instant appeal stems from a petition filed by Bridgeview Park District under section 3—12 of the Park District Code (Ill. Rev. Stat. 1977, ch. 105, par. 3—12) which seeks to disconnect certain territory from the Hickory Hills Park District and to annex that territory to itself. Pursuant to Hickory Hills Park District's motion, the trial court ordered that the petition be dismissed. Bridgeview Park District now appeals from that order.

Bridgeview Park District presents two basic arguments on appeal: (1) that in considering the petition the trial court improperly imposed conditions not included with section 3—12 of the Park District Code; and (2) that since the territory sought to be disconnected and annexed contained no registered voters, the trial court erroneously found the

petition insufficient because it lacked the required signatures of 50% of the registered voters in the area who sought to be disconnected and annexed.

We affirm.

Section 3—12 of the Park District Code reads in pertinent part as follows:

> "Whenever territory within a municipality is included within the territory of 2 park districts, a petition, signed by at least 2% of the registered voters in that municipality, including at least 50% of the registered voters in the territory sought to be disconnected from the one district and annexed to the other may be filed in the circuit court for the county in which the municipality is located praying that all territory within the municipality be incorporated within the territory of a single park district by disconnection of territory from the district named in the petition and annexation of that territory to the other district named in the petition." Ill. Rev. Stat. 1977, ch. 105, par. 3—12.

Bridgeview Park District's petition contained the requisite signatures of 2% of the registered voters in the village of Bridgeview, but contained no signatures of registered voters from the territory sought to be disconnected and annexed. Counsel for the Bridgeview Park District explained that no registered voters reside in that territory and that it is occupied by only a trucking terminal. By stipulation of counsel, a map of the village of Bridgeview was received into evidence. This map indicated that the territory sought to be disconnected and annexed is located within the village of Bridgeview but included within the territory of Hickory Hills Park District. The map further indicated that at the time the petition was filed four park districts, Bedford Park District, South Stickney Park District, Hickory Hills Park District, and Bridgeview Park District, existed within the territorial confines of the village of Bridgeview. After hearing arguments of counsel based upon the above facts, the trial court dismissed the petition and cited the following reasons:

> "1. All Park Districts in the Village of Bridgeview and adjacent to the Bridgeview Park District have not been included in the district.
> 2. The Petition does not pray that all territory within the municipality be incorporated within the territory of a single park district by disconnection of territory from the district named in the petition and annexation of that territory to the other district named in the petition.
> 3. There being no registered voters in the territory sought to be disconnected from the Hickory Hills Park District and annexed to the Bridgeview Park District, the petition does not qualify since it contains no names of registered voters.

4. A proper election could not be conducted in a referendum in the Village of Bridgeview on this matter because no voters reside in the area sought to be disconnected."

On appeal the Bridgeview Park District first argues that the trial court imposed conditions for disconnection and annexation not included with the provisions of the statute. It is true as petitioner contends that once the legislature has fixed certain conditions in a statute the only question the courts need consider is whether the petition brings the property involved within the statute, and the courts may not impose conditions not included in the statute. (*Independent Amusements, Inc. v. Village of Milan* (1952), 348 Ill. App. 258, 109 N.E.2d 238.) However, we do not believe the trial court imposed any conditions not required by section 3—12 of the Park District Code. We conclude that from its clear wording section 3—12 requires a situation where "territory within a municipality is included with the territory of 2 park districts" and permits a petition to be filed "praying that all territory within the municipality be incorporated within the territory of a single park district."

■■■ The instant situation and petition do not meet the prerequisites of section 3—12. The territory of the village of Bridgeview was included within the territory of four park districts—not two park districts. Moreover, the petition did not pray that all the territory within the village of Bridgeview be incorporated within the territory of a single park district. As Hickory Hills Park District indicates, had the trial court allowed the petition and ordered the referendum and had a majority of the registered voters approve the disconnection and annexation, three park districts would still exist within the territory of the village of Bridgeview.

While our research has disclosed no case interpreting section 3—12 of the Park District Code, we have already passed on its constitutionality. (*In re Disconnection of Property from Worth-Palos Park District* (1977), 50 Ill. App. 3d 356, 365 N.E.2d 565.) Moreover, it is not the task of the courts to question the expediency or wisdom of the instant statute (*City of Champaign v. City of Champaign Township* (1959), 16 Ill. 2d 58, 156 N.E.2d 543), but merely to determine whether the petition is proper under the statute. For reasons previously mentioned, the petition did not meet the prerequisites of section 3—12 of the Park District Code and was properly dismissed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.