Thomas A. Penman et al., Appellees, v. Village of Philo, Appellant.

Gen. No. 9,259.

Opinion filed February 25, 1941.

LITTLE & FINFROCK, of Urbana, for appellant.

DOBBINS, DOBBINS & THOMAS, of Champaign, for certain appellee.

H. LEONARD JONES, of Champaign, and L. H. STRASSER, for certain other appellees.

MR. JUSTICE RIESS delivered the opinion of the court.

An appeal was wrongfully taken from a judgment of the circuit court of Champaign county disconnecting certain territory from the Village of Philo to the Supreme Court and was transferred by that court upon motion of the appellees to the Appellate Court of the Third District.

The original petition was filed by plaintiffs, Thomas A. Penman as individual owner of the premises therein described and sought to be disconnected from said Village, and Norman B. Pitcairn and Frank C. Nicodemus, Jr., receivers of the Wabash Railway Company, which was the owner of a right of way easement across

the same previously acquired by condemnation proceedings. Subsequently, the Wabash Railway Company intervened as a copetitioner therein.

The petition, filed under the provisions of the Disconnection Act (par. 385d, ch. 24, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 21.403(1)]), sought to disconnect 75 acres of land owned by said Penman and crossed in an eastwardly and westwardly direction by the right of way of said Wabash Railway Company lying within the corporate limits of said Village of Philo. The tract sought to be disconnected was described in both the petition and order of court disconnecting the same as follows: "The East Half of the Northeast Quarter of Section Twenty-two (22), in Township Eighteen (18) North, Range nine (9) East of the Third Principal Meridian, except the grounds used for Cemetery in the Southeast corner thereof, and except, also, two (2) acres described as follows: Commencing at the intersection of the center line of Grant Street, in the Village of Philo, with the center line of the public highway at the west end thereof, running thence north 117.8 feet, thence West 400 feet, thence South 217.8 feet, thence East 400 feet, to the center line of said highway, thence North 100 feet to the place of beginning." It was so further alleged and found that the tract sought to be disconnected contained more than 20 acres, to-wit: 75 acres; that the area was not subdivided into city lots or blocks or in any other manner; that the land is located on the border or boundary of the Village and that to disconnect it would not result in the isolation of any part of the Village from the remainder, and it was prayed in the petition and ordered by the court that the same be disconnected.

The defendant Village filed a motion to dismiss the petition on the following grounds: That it did not show the appointment of the receivers or that the same had not been revoked or set aside; that it did not show their authority to present such petition as not being

within the usual power or powers of the receivers; that they claimed powers under a certain order or record, a copy of which was not attached to the petition, and denying their right to file the same; that the lands described did not constitute one tract or parcel but constituted separate tracts of land and railroad right of way; that the disconnecting act is unconstitutional in that the same is discriminatory and grants special privileges to owners of lands which have not been platted which are denied to owners of other lands similarly or identically situated, which have been platted into city blocks or lots, and that said act is unconstitutional for other grounds not urged on this appeal. This motion was heard and denied by the trial court, and defendant stood by its motion, following which default for failure to plead further under rule therefor was entered and proof heard by the court, and the final order disconnecting the land from the Village subject to taxation for any bonded indebtedness contracted prior to filing said suit was entered, followed by defendant's appeal herein.

The principal contention of defendant appellant's brief was directed to the alleged discriminatory nature and unconstitutionality of the act. The contentions in relation thereto were substantially covered in the opinion of the Supreme Court in the case of *Punke v. Village of Elliott,* 364 Ill. 604, 5 N. E. (2d) 389, and upon transfer of the instant case by the Supreme Court to this court, such contentions are not matters to be passed upon herein.

Further error was assigned by appellants in decreeing said disconnection; in disconnecting the Penman land; in finding that Pitcairn and Nicodemus were receivers; in finding that said receivers were proper parties as petitioners; that the order disconnecting lands was at variance with lands described in the petition; in permitting plaintiffs to amend the petition and make new parties without leave of court being

first obtained; in overruling motion to dismiss the petition; in entering an order of default and decree *pro confesso*. The brief and argument, as hereinabove stated, was directed almost entirely to the constitutional objections, which will not be considered herein.

One of the contentions of the appellant was that the petition did not state that the land sought to be disconnected is not contiguous in whole or in part to any other city, town or village. While it was not contended to be and was not in fact so contiguous, this objection was neither raised in the motion to dismiss nor pointed out in the assignment of errors herein and is therefore waived and is not properly before this court. The general statement in the motion that the petition did not "set forth any facts showing that the petitioners are entitled to the relief prayed in and by their said petition" does not point out any specific objection and is not sufficient under our Practice Act to preserve it for review in this court.

While the tract disconnected was owned in fee by petitioner Penman, subject only to the right of way of the railway company, we hold that the lower court did not err in disconnecting the entire area covered by the petition, over which the right of way easement extended. We find no variance between the petition and the final order of court.

The contention that the Wabash Railway Company intervened without leave of court is not sustained by the record and is without merit. The defendant was ruled by the court to plead to the complaint as amended by a specified day and hour, but made default in not so doing, and did not raise the above point in its motion to dismiss. It was properly defaulted by the court for such failure to plead, following which proof of the allegations of the petition and final order was entered by the court, as hereinabove indicated.

Owners of more than one tract, where the whole area constitutes an acreage in excess of 20 acres and meet

the remaining requirements of the statute, may join in the petition for disconnection. *Illinois Cent. R. Co. v. Village of South Pekin,* 374 Ill. 431, 29 N. E. (2d) 590. We find no force in defendant's contention that the petitioners might not except from the 80-acre tract, the 2-acre residence tract and the cemetery premises, which were not included within the 75 acres sought to be disconnected.

We have examined the abstract and record and respective briefs of parties herein, and although we have not commented upon all assignments of error, we have fully considered the same, and find no reversible error in the record.

The judgment of the circuit court of Champaign county will therefore be affirmed.

*Judgment affirmed.*