(No. 35279.—

THE PEOPLE *ex rel.* Henry F. Gray *et al.,* Appellants, *vs.* THE VILLAGE OF HAWTHORN WOODS *et al.,* Appellees.

*Opinion filed May 18, 1960.*

.. McCLORY, BAIRSTOW & ANDERSON, of Waukegan, (ROBERT McCLORY, and DAVID K. ANDERSON, of counsel,) for appellants.

JOSEPH N. SIKES, of Grays Lake, and THOMAS A. MATTHEWS, of Chicago, (BYRON S. MATTHEWS, of counsel,) for appellees.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

This is a *quo warranto* proceeding brought on the relation of certain residents within the boundaries of the village of Hawthorn Woods challenging the legality of the incorporation of the village. The circuit court of Lake County held that the village is a duly created and existing municipal corporation. Appeal is directed to this court since a franchise is involved.

There is no dispute as to the facts. A petition was filed under section 3—5 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1957, chap. 24, par. 3—5,) to incorporate certain territory lying in Ela Township in Lake County as the village of Hawthorn Woods. An election was held in March, 1958, and the proposition carried. The only question is whether the territory embraced within the boundaries of the proposed village is susceptible to incorporation under the provisions of the statute.

The pertinent portion of section 3—5 provides that "Whenever any area of contiguous territory, not exceeding two square miles, * * * has residing thereon at least 100 inhabitants living in immobile dwellings, it may be incorporated as a village * * *."

Plaintiffs contend that two square miles as used in section 3—5 should be construed to mean that the proposed village fit within a rectangle two miles long and one mile wide or within a square each side of which is approximately 1.42 miles in length. They argue that since the territory here involved extends 2¼ miles in an east-west direction and 1½ miles in a north-south direction that it covers over 2 square miles. We cannot agree. A square mile like an acre is a unit of area. As used in section 3—5 it carries no

implication as to the form or shape of the area. The record shows that the territory in question is less than 55,756,800 square feet or 2 square miles.

Plaintiffs also contend that the territory is not contiguous within the meaning of section 3—5. The territory is composed roughly of three areas, the two largest of which have a connecting common boundary for a distance of only 128.7 feet. Each of these cases presents its own problems and the court can only adopt a common-sense interpretation as to whether the tracts are contiguous as contemplated by the legislature. We believe that the contiguity in this case is such that it satisfied the literal mandate of the legislature as set forth in section 3—5. Many absurdities can be suggested both with respect to shape and contiguity, but the court must deal with them when they arise.

The contentions which plaintiffs have here advanced for the reversal of the trial court were carefully considered in the case of *Western National Bank of Cicero* v. *Village of Kildeer, post* 342. In *Western,* we concluded that the territory included within the village of Kildeer was an "area of contiguous territory, not exceeding two square miles" within the meaning of section 3—5, and we affirmed the judgment of the trial court. The rationale of *Western* controls this case and the judgment of the circuit court of Lake County is affirmed.                    *Judgment affirmed.*