HAROLD CORIELL *et al.*, Plaintiffs-Appellees, *v.* THE VILLAGE OF GREEN VALLEY, Defendant-Appellant.

Third District   No. 76-481

Opinion filed May 17, 1977.

John M. Ritchie, of Pekin, for appellant.

Kuhfuss & Kuhfuss, of Pekin, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The village of Green Valley, defendant, appeals from a judgment rendered in the Circuit Court of Tazewell County in which various plaintiff-landowners were granted petitions to disconnect land from the village of Green Valley.

Five petitions to disconnect were filed pursuant to section 7—3—6 of the Illinois Municipal Code 1961 (Ill. Rev. Stat. 1975, ch. 24, sec. 7—3—6). The first two petitions were filed on April 9, 1976, and the fifth petition was filed on April 21, 1976. All plaintiffs were represented by the same attorney. The village of Green Valley filed answers to each petition. The matters proceeded to hearing on June 8, 1976, at which time petitioners' oral motion to consolidate the five petitions for trial was granted without objection by the village of Green Valley (hereinafter referred to as village). The cases were also consolidated for purpose of appeal.

One of the statutory means for disconnecting territory from a municipality provides as follows:

"The owner or owners of record of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality may have such territory disconnected which (1) is not contiguous in whole or in part to any other municipality; (2) contains 20 or more acres; (3) is not subdivided into municipal lots and blocks; (4) is located on the border of the municipality; (5) if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality, (6) if disconnected, the growth prospects and plan and zoning ordinances, if any, of such municipality will not be unreasonably disrupted, (7) if disconnected, no substantial disruption will result to existing municipal service facilities, such as, but not limited to,

sewer systems, street lighting, water mains, garbage collection and fire protection, (8) if disconnected the municipality will not be unduly harmed through loss of tax revenue in the future." Ill. Rev. Stat. 1975, ch. 24, par. 7—3—6.

A simple map of the village as of the time of filing is provided. This map was constructed from the abstract and briefs filed on appeal, and the map has been keyed to each petition with letters of the alphabet.

The judgment allowing the petition of Harold Coriell is not challenged on appeal, and land disconnected thereby (some 154 acres) is not an issue in the appeal. That petition was the first to be filed. All petitions were apparently triggered by the village plans for a sewer system and proposed levy of a special assessment to pay for it; none of the petitioners desired to have the lands described in their petitions subject to the special assessment according to comments at the June 8, 1976, hearing noted in the memorandum of decision by the trial court.

This court is not asked to review any findings of the trial court in regard to provisions (1), (3), (6), (7) and (8) of the statute, the same having been disposed of by the pleadings of the parties or the unchallenged findings of the trial judge.

VILLAGE of GREEN VALLEY

SAND PRAIRIE TWP.
TAZEWELL CO, ILL.

Issues presented upon this appeal are whether:

1. The tracts to be disconnected are located on the border of the municipality;

2. Petitioners may aggregate tracts of land to meet the 20-acre requirement;

3. The presence of highway and railway rights-of-way through or between tracts prevents aggregation of tracts;

4. Disconnection results in isolation of any part of the municipality from the remainder of the municipality;

5. A petitioner may leave some of his tract in the municipality to avoid isolation of parts of the municipality.

We hold that:

1. The tracts to be disconnected are located on the border of the municipality;

2. Petitioners may aggregate tracts to meet the 20-acre requirement;

3. Highway and railway rights-of-way through or between tracts does not prevent aggregation of such tracts in achieving the 20-acre requirement;

4. Disconnection will not result in isolation of part of the municipality from the remainder of the municipality;

5. A petitioner may leave some of his tract in the municipality to avoid isolating parts of the municipality.

Petition A—(Charles B. Schureman)

The village does not appeal the decision in regard to that portion of the land described in the petition as Tract I and marked A1 in the foregoing map. However, the village argues that the unsurveyed area (A3) is an improper attempt on the part of Charles B. Schureman to avoid isolation of a church and cemetery from the village.

■■ In the case of *Gieseking v. Village of Harvel* (1960), 24 Ill. App. 2d 440, 164 N.E.2d 622, this court reversed the order of the county court of Christian County which ordered the disconnection of territory from the village of Harvel. In that case the petitioner sought to prevent the isolation of a municipal owned cemetery by allowing a strip of land 33 feet wide to remain in the corporate limits. Such an attempt was viewed as being contrary to the spirit and intent of the statute. In the instant case the church tract is over 300 feet in width and the portion of petitioner's property remaining in the village is more than twice this distance. Petitioner is leaving considerably more than a 33-foot strip within the village corporate limits. A petitioner is not required to disconnect all of his land. *Penman v. Village of Philo* (1941), 309 Ill. App. 49, 32 N.E.2d 640.

■■■ This statute does not require that a petitioner first survey and record a new plat to portions of his land which will remain in the village

limits. The village contention that to allow disconnection along unsurveyed boundary lines will create confusion and unduly burden the municipality is without merit because borders of some Schureman lands to be disconnected are identified and described by reference to recorded plats and other Schureman lands are described by metes and bounds. All that is required is that petitioner set forth a legal description of the *tract* to be disconnected. A legal description sufficient to convey land is sufficient for purposes of a petition to disconnect. "The word 'tract' as used in the statute refers to a piece of land capable of being described with such definiteness that its location may be established and boundaries definitely ascertained." *Illinois Central R.R. Co. v. Village of South Pekin* (1940), 374 Ill. 431, 434-35, 29 N.E.2d 590.

Then, if disconnection is allowed, other portions of the statute place the burden on the chief executive officer of the municipality to record a certified copy of the decree and an accurate map of the territory disconnected. Illinois Municipal Code, section 7—1—40 (Ill. Rev. Stat. 1975, ch. 24, par. 7—1—40).

### Petition B—(Henry Deweerth *et al.*)

The village advances two arguments against disconnection of the lands described in the petition of Henry DeWeerth *et al.* First, that since old Route 29 divides the land and the portion designated B2 on the foregoing map is less than 20 acres, B2 cannot be disconnected. The village cites *Illinois Central R.R. Co. v. Village of South Pekin* (1940), 374 Ill. 431, 29 N.E.2d 590, as requiring contiguous tracts. The ruling of that case does not require contiguous tracts, and further, that case expressly held that tracts may be joined to create a 20-acre or greater unit. That case further held that combined tracts severed by a railway right-of-way was a unit to which the statute applied. In all fairness, it should be noted that the rights-of-way were also included in the disconnection petition in the *South Pekin* case, although under different tract designations. The right-of-way is not included in this petition.

The term "contiguous" is used only in the first enumerated statutory condition for disconnection and as defined in *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33, is not applicable. The *Burr Ridge* case was directly involved in contiguous municipalities, which is not an issue in this case.

A case which does suggest contiguity of tracts which appellant failed to cite in its argument on this point is the decision of this court in *Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 142 N.E.2d 711, which held that inner tracts which were contiguous to border tracts and which constituted an area combined in a petition would be considered as located on the border. "To hold otherwise would be to distort the

meaning of the statute beyond anything the legislature intended." *Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 465, 142 N.E.2d 711, 715.

■■ Certainly the legislature intended a reasonable degree of tract proximity when it used the term "area" in the statute, and this opinion should not be read as encouraging a Swiss cheese pattern of aggregation of tracts. We merely hold that the presence of a highway right-of-way through or between tracts is not such a severance or disruption to area proximity or contiguity as to prevent aggregation of tracts so situated in achieving the 20-acre statutory requirement to disconnect. *People ex rel. Henderson v. City of Bloomington* (1962), 38 Ill. App. 2d 9, 186 N.E.2d 159.

Second, the village argues that allowing disconnection of the area designated A1 will result in isolation from the village of land belonging to Chester Clausen. Clearly the land of Chester Clausen would not be isolated from the village as is readily seen by the map included in this opinion. Only if Schureman (Petition A) had asked and been granted disconnection of the area designated A3 on our map would the granting of disconnection of B1 leave the church, cemetery and Clausen parcels · isolated from the village. Such is not the case. *La Salle National Bank v. Village of Willowbrook* (1963), 40 Ill. App. 2d 359, 189 N.E.2d 690; *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33.

### Petition C—(Strawbridge *et al.*)

The village presents four arguments for reversal of the order allowing disconnection of the lands set forth in the Oliver E. Strawbridge petition.

First, that the area C1 contains only 19.6 acres and area C2 contains only 11 acres, and that these tracts cannot be joined because they are not contiguous due to the intervening railroad right-of-way. As stated earlier in the opinion, tracts may be joined in the same petition to achieve the 20-acre requirement to disconnect, and the presence of a right-of-way (here a railroad) between tracts will not prevent such aggregation. *Illinois Central R.R. Co. v. Village of South Pekin* (1940), 374 Ill. 431, 29 N.E.2d 590.

■■ Appellant mistakenly asserts that *South Pekin* and *Woodward Governor Co. v. City of Loves Park* (1948), 335 Ill. App. 528, 82 N.E.2d 387, stand for the proposition that the Illinois Central and Gulf Railroad must be a party petitioning to disconnect in this petition. The abstract of record does not disclose that particular argument advanced in the trial court, but we view the argument as contained within the contiguity argument. Our decision as to right-of-way disposes of any contention that the owner of the right-of-way has to join in the petition.

■■ Second, that the trial court erred in finding that the area which is the subject of the Strawbridge petition is located on the border of the Municipality. The east 100-foot border of the NE¼ of the NW¼ of section 35 of Sand Prairie Township, Tazewell County, Illinois, is owned by Farm Service Company, which did not join in the petition. The memorandum of judgment by the trial court notes that the evidence was not clear whether area C2 had front footage or merely a point on the east boundary of the village of Green Valley, but that since the area did have some boundary line connection it was in compliance with the statute.

Testimony from the abstract of record in this regard:

"The Court: * * * What he [defense attorney] wants to develop, is there any footage up against the east boundary line of Green Valley at that point?

A. Well, that's where the fences join.

Q. How much fence line do you have there?

A. We don't have any. The railroad takes care of that.

The Court: The South boundary line of the Mildred Strawbridge tract. Let me ask you this. Do you have any footage at all from the Mildred Strawbridge tract along the east boundary line of Green Valley?

A. I'd say no. * * *"

This court hesitates to hold that a petitioned area having only a point on the border meets the statutory boundary requirement for disconnection. And, this court is aware of the rule that conditions present at the time of hearing control as to whether or not a statutory condition has been met. *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33; *La Salle National Bank v. Village of Willowbrook* (1963), 40 Ill. App. 2d 359, 189 N.E.2d 690.

The court further observes that if the current Strawbridge petition and order thereon were reversed, Strawbridge could petition anew and easily show ample border due to our decision to affirm the judgment allowing the Schureman petition.

If this petition stood alone it would not meet the spirit of the statutory requirement of border at the time of hearing. However, the petition was consolidated for hearing without objection by the village and the village further consolidated the matters for purpose of appeal. The petitions, having been amassed for consideration and treated as parts of a single disconnection proceeding in the interests of judicial economy, lead this court to hold that in the interests of judicial economy, abhorrence of continuing litigation and frivolous future expense to the litigants, the petition of Strawbridge *et al.* shall be considered as consolidated with that of Schureman, and the Strawbridge land being contiguous thereto has

sufficient and unquestionable border location. *Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 142 N.E.2d 711.

■■ Third, the village asserts that allowing the petitioner to except a 100-foot strip (C3 on our map) from his petition, thereby preventing isolation of other property not joined in the petition (here, Farm Service), is contrary to the intent of the statute. We disagree. Nowhere in the language of the statute is there evidenced a legislative intention to require a petitioner to disconnect all of his land within a municipality, or to prevent a petitioner from arranging the request so as to be in compliance with the statute.

■■ The village's fourth argument, that the area of Petition C cannot be disconnected as it is now surrounded by land within the village and can be annexed, is without effect due to our decision affirming disconnection of area A2 (Tract II of Petition A), and the effect of consolidation of the petitions.

### Petition D—(Richard P. Pawson)

As to the Richard P. Pawson petition, the village argues that allowing D1 and D2 disconnection will leave B2 totally isolated from the village. This argument is apparently based on two theories persistently pursued by the village—20-acre nonaggregation and right-of-way severance of contiguity. However, disconnection of the entire area described in petition B has been affirmed on this appeal, and the isolation argument fails.

Second, the village argues that the court erred in finding that the tracts of land, D1 and D2, being separated by Route 29, were contiguous and thus not located on the border and that D2 did contain 20 acres. In response, this court notes that the trial court entered no finding in regard to contiguity. The presence of the highway right-of-way does not prevent inclusion of the D2 area. Thus, the area described in the petition is composed of appropriate and adequate acreage located on the border of the municipality.

For the reasons set forth herein the judgment of the Circuit Court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL, P. J., and BARRY, J., concur.