INDIAN VALLEY GOLF CLUB, INC., Petitioner-Appellant and Cross-Appellee, v. THE VILLAGE OF LONG GROVE, Respondent-Appellee and Cross-Appellant.

Second District   No. 84—0371

Opinion filed July 5, 1985.—Rehearing denied August 21, 1985.

Richard J. Prendergast, of William J. Harte, Ltd., of Chicago, for appellant.

John M. Mullen, of Conzelman, Schultz, Snarski & Mullen, of Waukegan, for appellee.

JUSTICE HOPF delivered the opinion of the court:

A petition for disconnection of property owned by petitioner, Indian Valley Golf Club, Inc. (Indian Valley), and lying within the corporate limits of the respondent, village of Long Grove (Long Grove), was filed pursuant to section 7—3—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 7—3—6). Long Grove filed a motion to dismiss the petition to disconnect, which the trial court denied. On the date of trial, Indian Valley was granted leave to file an amended petition, and Long Grove responded by filing a motion to dismiss the amended petition. At a hearing on Long Grove's motion to dismiss, the trial court granted the motion and dismissed with prejudice Indian Valley's amended petition to disconnect.

It is Indian Valley's contention, on appeal, that (1) the trial court erred in granting Long Grove's motion to dismiss the proposed disconnection because the disconnection would not result in isolation of any portion of Long Grove, and (2) the trial court properly found that the property to be disconnected was located on the border of Long Grove because tracts of land, which can be combined to make up the area to be disconnected, do not all have to be entirely on the border of a municipality for the area to satisfy the disconnection statute. Ill. Rev. Stat. 1981, ch. 24, par. 7—3—6.

In its original petition for disconnection Indian Valley sought to disconnect territory owned by it and lying within the corporate limits of the municipality of Long Grove. According to the petition, the subject property satisfied all requirements of the disconnection statute (Ill. Rev. Stat. 1981, ch. 24, par. 7—3—6). At the time of Indian Valley's filing, the statute provided, in relevant part:

"The owner or owners of record of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality may have such territory disconnected which (1) is not contiguous in whole or in part to any other municipality; (2) contains 20 or more acres; (3) is not subdivided into municipal lots and blocks; (4) is located on the border of the mu-

nicipality; (5) if disconnected, will not result in the isolation of any part of the municipality from the remainder of the municipality, (6) if disconnected, the growth prospects and plan and zoning ordinances, if any, of such municipality will not be unreasonably disrupted, (7) if disconnected, no substantial disruption will result to existing municipal service facilities, such as, but not limited to, sewer systems, street lighting, water mains, garbage collection and fire protection, (8) if disconnected the municipality will not be unduly harmed through loss of tax revenue in the future. The procedure for disconnection shall be as follows:

The owner or owners of record of any such area of land shall file a petition in the circuit court of the county where the land is situated, alleging facts in support of the disconnection. The municipality from which disconnection is sought shall be made a defendant, and it, or any taxpayer residing in that municipality, may appear and defend against the petition. If the court finds that the allegations of the petition are true and that the area of land is entitled to disconnection it shall order the specified land disconnected from the designated municipality. If the circuit court finds that the allegations contained in the petition are not true, the court shall enter an order dismissing the petition."

The subject property to be disconnected consisted of two adjoining parcels of land owned by Indian Valley, totalling approximately 118 acres and used primarily as a public golf course. The subject property was bounded to the north and east by Lake County and to the south and west by Long Grove. Plat of Disconnection No. 1.

Long Grove filed a motion to dismiss Indian Valley's petition, maintaining that the petition failed to satisfy the majority of the requirements set forth in the disconnection statute. The trial court denied the motion. Subsequently, on the date of trial Long Grove disclosed that in January 1983 it had annexed a single lot (lot 78) located on the northern border of Indian Valley's property. The lot had previously been part of unincorporated Lake County. The effect of this annexation was to isolate lot 78 from the rest of Long Grove. As a result, Indian Valley sought leave to file an amended petition which the trial court granted.

In its amended petition to disconnect and its accompanying plat of disconnection, Indian Valley sought to disconnect a smaller portion of its property than it had originally petitioned to disconnect by excepting the majority of the northernmost portion of the subject property.

(Plat of Disconnection No. 2.) The excepted parcel measured 150 feet in width and 948 feet in length. Indian Valley maintained that the subject property after the exception of the northernmost portion satisfied all the statutory requirements of the disconnection statute.

In response, Long Grove filed a motion to dismiss the amended petition to disconnect, attacking the sufficiency of the complaint and claiming essentially that the amended petition failed to show that the subject property satisfied the statutory requirements for disconnection. Included among these contentions were Long Grove's assertion that the subject property was not situated entirely on the border of Long Grove and that disconnection of the subject property would result in isolation of a portion of the municipality from the remainder of Long Grove.

Indian Valley filed a response to Long Grove's motion to dismiss, arguing in terms of the issues on appeal that the subject property to be disconnected was located on the border of Long Grove even though not all parties of the land were situated entirely on the border, that a petitioner seeking disconnection from a municipality may leave some of its tract of land in a municipality to avoid isolating parts of the municipality, that no isolation occurs as long as a continuing and connected boundary line exists after disconnection, and that by not including in its amended petition for disconnection the portion of Indian Valley's land which was directly adjacent to lot 78, the lot would remain within Long Grove and not be isolated from the remainder of the municipality.

At a hearing conducted on defendant's motion to dismiss, the trial court dismissed the amended petition to disconnect. The trial court found (1) that the proposed disconnection would result in the isolation of a portion of Long Grove's municipality, and (2) that the property which was the subject matter of the proposed disconnection was situated on the border of Long Grove.

■■ ■ The courts have liberally construed disconnection statutes in favor of disconnection if the enumerated requirements are met, regardless of the purpose of the petitioner (*In re Disconnection from the Village of Machesney Park* (1984), 122 Ill. App. 3d 960, 461 N.E.2d 1019; *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33), and the common theme is to permit disconnection absent a hardship or impairment to the municipality. (*In re Disconnection from the Sanitary District of Rockford* (1982), 111 Ill. App. 3d 339, 347, 443 N.E.2d 1079.) The disconnection act should be given a sensible, intelligent, and reasonable meaning (*In re Disconnection from the City of Palos Heights* (1961), 30 Ill. App. 2d

336, 342, 174 N.E.2d 574), but disconnection cannot occur if the disconnection results in the isolation of one part of a municipality from the rest of the municipality.

■ Indian Valley contends that by excepting a parcel of substantial dimensions from its proposed tract of land for disconnection, it has avoided isolating any portion of Long Grove from the remainder of the municipality and has, consequently, satisfied the statutory requirement forbidding isolation. A petitioner is not required to disconnect all of its land (*Penman v. Village of Philo* (1941), 309 Ill. App. 49, 54, 32 N.E.2d 640), nor does the language of the disconnection statute evidence a legislative intent to prevent a petitioner from arranging his request for disconnection so as to be in compliance with the statute. (*Coriell v. Village of Green Valley* (1977), 48 Ill. App. 3d 945, 953, 363 N.E.2d 212.) Thus, it was permissible for Indian Valley to carve out a portion of the proposed disconnected land in an attempt to satisfy the isolation requirement contemplated by the statute after Long Grove elected to annex lot 78 nearly a year and a half after Indian Valley filed its original petition to disconnect.

■ Indian Valley maintains that the excepted parcel and the remainder of Long Grove touch in a reasonably substantial physical sense and that no more than this is required by statute. On the other hand, the village maintains that although Indian Valley has excepted this portion, lot 78 remains isolated from Long Grove because it is inaccessible to the village by road and, thus, incapable of being provided with police services by the village. However, this court has previously held:

> "[T]he word 'isolation' refers to *physical isolation*. It is not for us, under the guise of statutory construction, to rewrite the statute itself to include economic, functional or such other aspect of isolation as might serve a particular purpose when the language of the statute does not permit such interpretation. [Citation.] We must take the words found in the statute in their ordinary usual meaning and give them a sensible meaning consonant with the context in which they are used. [Citation.]" (Emphasis added.) *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 217, 225 N.E.2d 33.

Thus, in our view the fact that lot 78 is inaccessible to the village by road is inconsequential to a determination of whether or not the lot is isolated from the rest of Long Grove. Rather, what we believe to be the determining factor, according to cases from this district and others, is contiguity. If property is isolated from a municipality, it is not contiguous to it; if contiguous, it is then not isolated. *In re Annex-*

*ation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 269, 261 N.E.2d 746.

■■ Long Grove argues that by virtue of the size of the excepted parcel, the parcel would not be contiguous to the balance of the village and, therefore, would be isolated. In advocating its position, the village points out that the 150-foot common boundary between the parcel and Long Grove is insufficient to constitute contiguity. This court has stated in *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 265-66, 261 N.E.2d 746, and more recently in *Frank v. Village of Barrington Hills* (1982), 106 Ill. App. 3d 747, 755, 436 N.E.2d 276, that contiguity exists where tracts of land touch or adjoin in a reasonably substantial physical sense; however, the line of demarcation between the reasonableness or unreasonableness of a contiguity must be drawn on the facts of each case. A substantial common boundary or common border of reasonable length satisfies the requirement of contiguity (*Wescom, Inc. v. Woodridge Park District* (1977), 49 Ill. App. 3d 903, 364 N.E.2d 721), and irregularity of the resulting boundaries in itself is not a fatal defect in determining contiguity to a village. *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 266, 261 N.E.2d 746.

A look at what this court has decided constitutes a substantial common boundary is helpful in interpreting the instant case. In *La Salle National Bank v. Village of Willowbrook* (1963), 40 Ill. App. 2d 359, 189 N.E.2d 690, two "fingers" of land, 50 feet wide by one-quarter of a mile long and 33 feet wide by 660 feet long, were held to be contiguous to the village after disconnection of the intervening land. The "fingers" created an unusual boundary line. However, as this court pointed out: "There is no requirement that the area remaining [after disconnection] must be compact. It is isolation that is decried." (40 Ill. App. 2d 359, 361, 189 N.E.2d 690.) Similarly, two "corridors" of land 170 feet wide by 2,400 feet long and 170 feet wide by 1,300 feet long, were held to be substantially contiguous to the municipality following disconnection of the intervening territory in *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 225 N.E.2d 33. There, the court found that the corridors were contiguous to Burr Ridge because there was a touching in a reasonable substantial sense between them and the rest of Burr Ridge. It did not matter that the disconnection resulted in an irregular border at the location in question, because as long as the continuing and connecting boundary line remained, with no cornering, there was no "isolation" as contemplated by the statute. (81 Ill. App. 2d 209, 216, 225 N.E.2d 33.) More recently this court found that a common boundary whose length

was no more than 40 to 50 feet or one-half the width of the intersection of two roadways did not make the property to be disconnected contiguous with the neighboring municipality as was impermissible according to the disconnection statute prior to the 1983 amendment. (*Frank v. Village of Barrington Hills* (1982), 106 Ill. App. 3d 747, 755, 436 N.E.2d 276.) Also, in *Frank* this court pointed out that a common boundary for a distance of only 128.7 feet had been held to create contiguity between two parcels of property in *People ex rel. Gray v. Village of Hawthorn Woods* (1960), 19 Ill. 2d 316, 318, 167 N.E.2d 176, whereas a shared boundary of 20 feet had been found not to be a substantial common boundary in *People ex rel. Cherry Valley Fire Protection District v. City of Rockford* (1970), 120 Ill. App. 2d 275, 286, 256 N.E.2d 653.

In the instant case the width of the common boundary is 150 feet. No fixed rule exists regarding how wide a common boundary must be to establish contiguity. Each case must be decided on its own facts (*Frank v. Village of Barrington Hills* (1982), 106 Ill. App. 3d 747, 755, 436 N.E.2d 276), and where a 150-foot common boundary might be sufficient in one case it could be insufficient in another. Nevertheless, neither party has cited any case which holds that 150 feet is or is not a substantial boundary. However, as illustrated from the cases discussed above, widths of lesser length than 150 feet have been held sufficient by this appellate court as long as a reasonably substantial physical touching or contiguity has existed. A look at Plat of Disconnection No. 2 illustrates, in our opinion, that a substantial physical touching exists between lot 78 and the rest of Long Grove. The excepted parcel does not constitute the type of narrow strip, such as the 33-foot corridor in *Gieseking v. Village of Harvel* (1960), 24 Ill. App. 2d 440, 164 N.E.2d 622, or the roadway in *In re Disconnection from the Village of Mount Prospect* (1950), 341 Ill. App. 272, 93 N.E.2d 578, which separated a substantial portion of a municipality by disconnection from the remainder. Moreover, this court finds it offensive that the dates of the annexation of lot 78 (January 1983), about which there is no dispute, and of the filing of Indian Valley's petition to disconnect (July 1981), reflect that the annexation of lot 78 was a deliberate attempt to preclude Indian Valley from satisfying the requirements of the disconnection statute.

■ The statute as to disconnection of lands from municipalities should be liberally construed. (*In re Disconnection from the City of Palos Heights* (1961), 30 Ill. App. 2d 336, 342, 174 N.E.2d 574.) The legislature has fixed the conditions for disconnection, and the only question the courts are required to consider is whether the owner of

the property to be disconnected has presented a case that brings the property involved within the statute. (*Independent Amusements, Inc. v. Village of Milan* (1952), 348 Ill. App. 258, 265, 109 N.E.2d 238.) Although many absurdities can be suggested both with respect to shape and contiguity, the court must deal with them when they arise. (*People ex rel. Gray v. Village of Hawthorn Woods* (1960), 19 Ill. 2d 316, 318, 167 N.E.2d 176.) It is the situation at the time of the hearing which controls whether the pieces of property are contiguous for the purpose of disconnection. (*Frank v. Village of Barrington Hills* (1982), 106 Ill. App. 3d 747, 755, 436 N.E.2d 276; *In re Incorporation of Village of Capitol Heights* (1968), 41 Ill. 2d 256, 258, 242 N.E.2d 247.) Each case presents its own problems, and the court can only adopt a common sense interpretation as to whether the tracts are contiguous as contemplated by the legislature. (*People ex rel. Gray v. Village of Hawthorn Woods* (1960), 19 Ill. 2d 316, 318, 167 N.E.2d 176.) Giving the statute the liberal construction the courts have advocated, it is this court's opinion that, at the time of the hearing on Long Grove's motion to dismiss, the contiguity in the instant case was such that it satisfied the mandate of the statute that no part of a municipality should be isolated from the remainder.

If land to be disconnected meets the statutory requirements, a petition for disconnection must be granted; on the other hand, if the land fails to meet any of the requirements, the petition must be denied. (*Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 462, 142 N.E.2d 711.) We conclude that the proposed disconnection met the requisites of the statute and that, therefore, the trial court's finding as to the contiguity or the lack of it appears to be manifestly against the weight of the evidence and that the finding should be disturbed on review. *Sun Electric Corp. v. Village of Prairie Grove* (1978), 59 Ill. App. 3d 608, 612, 375 N.E.2d 984; *La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 214, 225 N.E.2d 33.

■ Indian Valley's second contention, which Long Grove raised by way of cross-appeal, is that the court properly found that the property to be disconnected was located on the border of Long Grove.

"The owner or owners of record of any area of land consisting of one or more tracts, lying within the corporate limits of any municipality may have such territory disconnected which

\* \* \*

(4) is located on the border of the municipality; \*\*\*." Ill. Rev. Stat. 1983, ch. 24, par. 7—3—6.

It is Long Grove's position that each and every parcel which is

combined to make up the area of land to be disconnected must be located on the border. Consequently, Long Grove argues that government lot 2 (see Plat of Disconnection No. 2) cannot be considered located on the border of Long Grove since no part of it touches any boundary of Long Grove. Additionally, Long Grove maintains that government lot 1 also should not be considered as being on the border within the meaning of the statute, apparently reasoning that although the entire eastern portion of government lot 1 is situated on a boundary of Long Grove, something more than this is required by statute.

In regard to the parcels involved in the case at bar, it should be noted, first of all, that tracts or parcels of land may be joined in the same petition for disconnection to achieve the requisite 20 acres needed to disconnect. (*Illinois Central R.R. Co. v. Village of South Pekin* (1940), 374 Ill. 431, 29 N.E.2d 590.) In fact, the parties do not dispute that this can be done.

Second, it is evident from the Plat for Disconnection No. 2 that the entire eastern side of government lot 1 is situated on Long Grove's border for a distance of more than 2,500 feet. Additionally, the northeastern portion of lot 1 is coterminous with the boundaries of Long Grove for a distance of about 335 feet, or for the distance of that portion of lot 1 which remained after Indian Valley was forced to except a portion of its land as a result of Long Grove's annexation of lot 78. Clearly, government lot 1 is situated on the border of Long Grove. The disconnection statute states only that land to be disconnected must be located on the border of the municipality from which it is being disconnected; it does not state that all sides of the proposed disconnected land must be on borders, nor could the statute reasonably be interpreted in that manner if it were ever to be given any effect. The principal object in construing a statute is to ascertain and give effect to the intention of the legislature. (*Fowler v. Johnston City & Big Muddy Coal & Mining Co.* (1920), 292 Ill. 440, 445, 127 N.E. 31; *Village of Glencoe v. Metropolitan Sanitary District* (1974), 23 Ill. App. 3d 868, 873, 320 N.E.2d 524.) The plain meaning of the language used by the legislature is the safest guide to follow in construing any act, as the court has no right to read into the statute words that are not found therein either by express inclusion or by fair implication. *Illinois Publishing & Printing Co. v. Industrial Com.* (1921), 299 Ill. 189, 196, 132 N.E. 511.

Moreover, this court is in agreement with Indian Valley's contention that government lot 2 is also situated on Long Grove's border. Indian Valley maintains that where tracts of land have been combined to create the area in a petition for disconnection and some of those

tracts constitute inner tracts which are not located on a municipality border but which are contiguous to a border track, then these inner tracts are also considered to be located on the border. This was the conclusion of the third district in *Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 142 N.E.2d 711. In *Van Bebber*, six tracts of land had been combined to achieve the statutory requirement of a 20-acre minimum. Two of the tracts were located on the border of the village. One was bounded on the east by the easterly village limit, the other was bounded on the west by an unnamed street of the village. The remaining four tracts were not located on any village boundaries but were contiguous to the tracts that were so located. Relying on the language of the Illinois Supreme Court in *Illinois Central R.R. Co. v. Village of South Pekin* (1940), 374 Ill. 431, 434-35, 29 N.E.2d 590, in which the supreme court stated that the disconnection statute permits the combining of tracts to satisfy the 20-acre requirement, the *Van Bebber* court concluded:

"If the several tracts, being contiguous, constitute an area that is located in part of the border of the municipality, then the fact that in the trial, or by maps or plats, the several tracts are shown or identified separately, does not alter the fact that this is one 'area' and as one area it is located on the border of the village of Scottville. To hold otherwise would be to distort the meaning of the statute beyond anything the legislature intended." *Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 465, 142 N.E.2d 711.

Long Grove asserts that the reasoning of the *Van Bebber* court was faulty and that the court's construction of the statute was illogical. The more correct interpretation, according to Long Grove, was that set forth by the first district in *In re Disconnection from the Village of Mount Prospect* (1950), 341 Ill. App. 272, 93 N.E.2d 578. In *Mount Prospect* the appellate court held that although one of two parcels combined to achieve the 20-acre statutory requisite for disconnection was located on the border of Mount Prospect, the other parcel which was adjacent to it and which touched the village border at the northwest corner of the parcel could not be considered as located on the village's border. (341 Ill. App. 272, 275, 93 N.E.2d 578.) However, the *Van Bebber* opinion made particular mention of the *Mount Prospect* decision, stating that the decision was completely contrary to the law as laid down by the Illinois Supreme Court in *Illinois Central R.R. Co. v. Village of South Pekin* (1940), 374 Ill. 431, 29 N.E.2d 590. The court in *Van Bebber* pointed out that the supreme court in *Illinois Central R.R. Co.* had determined that since the disconnection

statute permits the joining of tracts to make the required "area," several tracts may be included. The *Van Bebber* court then went on to state, "[o]bviously, where several tracts are included to make up an 'area' as defined in the statute, some of those tracts could not be located on the border." (*Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 466, 142 N.E.2d 711.) Thus, concluded the *Van Bebber* court, the reasoning and decision in the *Mount Prospect* case was directly in conflict with the law.

This court is in agreement with *Van Bebber* court and opines that if one part of the area to be disconnected is located on a village border, then an inner tract which is contiguous to the border tract and which constitutes part of an area combined for disconnection must also be considered in compliance with the statutory requirement that land proposed for disconnection must be located on the border of the municipality. *Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 142 N.E.2d 711; see also *Coriell v. Village of Green Valley* (1977), 48 Ill. App. 3d 945, 950-53, 363 N.E.2d 212.

Courts have consistently held that the statute as to disconnection of lands should be construed liberally. (*La Salle National Bank v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 209, 214, 225 N.E.2d 33; *In re Disconnection from the City of Palos Heights* (1961), 30 Ill. App. 2d 336, 342, 174 N.E.2d 574; *Van Bebber v. Village of Scottville* (1957), 13 Ill. App. 2d 458, 465, 142 N.E.2d 711.) Thus, based on a liberal construction of the disconnection statute and on prior decisions of this appellate court, we hold that the trial court's finding that the proposed disconnection would isolate a portion of Long Grove from the rest of the village was improper but that its finding that the subject property was on the border of Long Grove was proper.

For the reasons stated, the judgment of the circuit court of Lake County dismissing Indian Valley's amended petition to disconnect should be reversed and the matter remanded for further proceedings.

Reversed and remanded.

REINHARD and UNVERZAGT, JJ., concur.

# PLAT OF DISCONNECTION #1

### FROM THE VILLAGE OF LONG GROVE

LOT 1 OF THE SOUTHWEST 1/4 OF SECTION 6, TOWNSHIP 43 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THAT PART THEREOF DEDICATED FOR PUBLIC HIGHWAY), IN LAKE COUNTY, ILLINOIS.

ALSO: LOT 2 IN THE SOUTHWEST 1/4 OF SECTION 6, TOWNSHIP 43 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EXCEPT THAT PART FALLING IN UNIT NO. 1 BRAEBURN - WEST, AS SHOWN ON THE PLAT THEREOF, RECORDED NOVEMBER 15, 1960 AS DOCUMENT 1089479, IN BOOK 35 OF PLATS, PAGE 62, AND EXCEPT THAT PART DESCRIBED AS COMMENCING AT THE SOUTHWEST CORNER OF SAID LOT 2; THENCE RUNNING EAST ALONG THE SOUTH LINE OF SAID LOT 2 TO THE SOUTHEAST CORNER OF SAID LOT 2; THENCE RUNNING NORTH ALONG THE EAST LINE OF SAID LOT 2, 708.25 FEET; THENCE RUNNING WESTERLY 1406.40 FEET TO A POINT ON THE WEST LINE OF SAID LOT 2, 711.75 FEET NORTH OF THE PLACE OF BEGINNING; THENCE RUNNING SOUTH ALONG THE WEST LINE OF SAID LOT 2 TO THE PLACE OF BEGINNING), IN LAKE COUNTY, ILLINOIS.

SCALE 1 INCH = 300 FT.

NOT INCORPORATED

NORTH LINE OF SOUTHWEST 1/4 OF SECTION 6-43-11 AND NORTH LINE OF GOV'T LOTS 1 AND 2

1283.20'

VILLAGE OF LONG GROVE
BRAEBURN WEST UNIT NO 1
NOT INCLUDED

3 5 7

838.63

10

1200.0'

330.00'

GOV'T LOT 2

GOV'T LOT 1

1406.40' DEED
1406.47' MEAS

VILLAGE OF LONG GROVE
NOT INCLUDED

SW CORNER OF GOVERNMENT LOT 2

VILLAGE OF LONG GROVE

1271.04'

SOUTH LINE OF SOUTHWEST 1/4 OF SECTION 6-43-11 & SOUTH LINE OF GOV'T LOTS 1 AND 2

VILLAGE OF LONG GROVE

VILLAGE OF INDIAN CREEK

STATE OF ILLINOIS } SS
COUNTY OF COOK }

NATIONAL SURVEY SERVICE, INC., A CORPORATION OF THE STATE OF ILLINOIS HEREBY CERTIFIES THAT A SURVEY HAS BEEN MADE AT AND UNDER ITS DIRECTION BY AN ILLINOIS REGISTERED LAND SURVEYOR, OF THE PROPERTY DESCRIBED IN THE CAPTION ABOVE.

CHICAGO, ILLINOIS _____ AUG 13, ____ A.D. 1981

BY Nicholas Raimondi
PRESIDENT

ATTEST:_____
ASSISTANT SECRETARY

STATE OF ILLINOIS } SS
COUNTY OF COOK }

I, SALVADOR Y LEY, AN ILLINOIS REGISTERED LAND SURVEYOR DO HEREBY CERTIFY THAT I HAVE PREPARED THIS PLAT OF PROPERTY DESCRIBED IN THE CAPTION ABOVE FOR THE PURPOSE OF DISCONNECTING SAID PROPERTY FROM THE VILLAGE OF _____ LONG GROVE _____, ILLINOIS.

DIMENSIONS ARE SHOWN IN FEET AND DECIMAL PARTS THEREOF AND ARE CORRECTED TO A TEMPERATURE OF 62° FAHRENHEIT.

CHICAGO, ILLINOIS _____ AUG 13, ____ A.D. 1981

BY: Salvador Y. Ley
SALVADOR Y LEY ILLINOIS REGISTERED LAND SURVEYOR NO. 2291

THIS INSTRUMENT WAS PREPARED BY

NATIONAL SURVEY SERVICE, INC.
ENGINEERS AND LAND SURVEYORS

N-106035 REVISED OCT 13, 1981
NCY NO N-103300 PLAT OF DISCONNECTION

# PLAT OF DISCONNECTION #2

## FROM THE VILLAGE OF LONG GROVE

LOT 1 OF THE SOUTHWEST 1/4 OF SECTION 6, TOWNSHIP 43 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, EXCEPT THAT PART THEREOF DEDICATED FOR PUBLIC HIGHWAY AND EXCEPTING THEREFROM THE NORTH 150 FEET OF THAT PART LYING WEST OF THE SOUTHERLY EXTENSION OF THE EAST LINE OF LOT 78 IN FRED AND RUSSELL'S TOWNERS SUBDIVISION UNIT #3, BEING A SUBDIVISION OF PART OF THE NORTHWEST 1/4 OF SECTION 6, TOWNSHIP 43 NORTH, RANGE 11 EAST OF THE THIRD PRINCIPAL MERIDIAN, ALL IN LAKE COUNTY, ILLINOIS.

ALSO: LOT 2 IN THE SOUTHWEST 1/4 OF SECTION 6, TOWNSHIP 43 NORTH, RANGE 11, EAST OF THE THIRD PRINCIPAL MERIDIAN, (EX-

CEPT THAT PART FALLING IN UNIT NO. 1 BRAEBURN - WEST, AS SHOWN ON THE PLAT THEREOF, RECORDED NOVEMBER 15, 1960 AS DOCUMENT 1089479, IN BOOK 35 OF PLATS, PAGE 62, AND EXCEPT THAT PART DESCRIBED AS COMMENCING AT THE SOUTHWEST CORNER OF SAID LOT 2; THENCE RUNNING EAST ALONG THE SOUTH LINE OF SAID LOT 2 TO THE SOUTHEAST CORNER OF SAID LOT 2; THENCE RUNNING NORTH ALONG THE EAST LINE OF SAID LOT 2, 708.25 FEET; THENCE RUNNING WESTERLY 1406.40 FEET TO A POINT ON THE WEST LINE OF SAID LOT 2, 711.75 FEET NORTH OF THE PLACE OF BEGINNING; THENCE RUNNING SOUTH ALONG THE WEST LINE OF SAID LOT 2 TO THE PLACE OF BEGINNING), IN LAKE COUNTY, ILLINOIS.

N

SCALE 1 INCH = 300 FT

STATE OF ILLINOIS )
                   )SS
COUNTY OF COOK )

I, SALVADOR Y. LEY, AN ILLINOIS REGISTERED LAND SURVEYOR DO HEREBY CERTIFY THAT I HAVE PREPARED THIS PLAT OF PROPERTY DESCRIBED IN THE CAPTION ABOVE FOR THE PURPOSE OF DISCONNECTING SAID PROPERTY FROM THE VILLAGE OF _____LONG GROVE_____, ILLINOIS.

DIMENSIONS ARE SHOWN IN FEET AND DECIMAL PARTS THEREOF AND ARE CORRECTED TO A TEMPERATURE OF 2° FAHRENHEIT.

CHICAGO, ILLINOIS _____OCT 28_____ A.D. 1983

BY: _____Salvador Y. Ley_____
ILLINOIS REGISTERED LAND SURVEYOR No. 2291

OCT. 28 _____ 83

_Nicholas Raimondi_
PRESIDENT

_Mary A. Nolan_
ASSISTANT SECRETARY

THIS INSTRUMENT WAS PREPARED BY

**NATIONAL SURVEY SERVICE, INC.**
ENGINEERS AND LAND SURVEYORS
176 W GRAND AVE    312 944 3460    CHICAGO, ILL 60610