THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellee, v. JOHN E. WASHBURN, Director of Insurance, *et al.*, Defendants-Appellants.

First District (6th Division)   No. 1—89—1157

Opinion filed August 31, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellants.

Richard Bromley, John L. Conlon, and Mary Kay McCalla, all of Chicago, for appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff, Prudential Insurance Company of America (Prudential), brought this action against defendants, John E. Washburn, Director of Insurance of the State of Illinois, Jerry Cosentino, State Treasurer of the State of Illinois, and Neil F. Hartigan, Attorney General of the State of Illinois, seeking declaratory and injunctive relief based upon plaintiff's claim that the computation of its privilege tax should be reduced by the amount paid as an interest assessment for underpayment of income taxes owed by plaintiff. The trial court construed the interest assessment as income tax and granted plaintiff a deduction for the interest assessment and ordered a refund of plaintiff's privilege tax in the amount of the interest paid. Defendants appeal, contending that the trial court erred in holding that the interest assessed on the delinquent income taxes was to be construed as part of plaintiff's income taxes and that plaintiff was entitled to a corresponding reduction of its privilege tax.

Plaintiff, a New Jersey corporation authorized to do business as an

insurer in the State of Illinois, is required to pay a privilege tax to the Illinois Department of Insurance (Ill. Rev. Stat. 1987, ch. 73, par. 1021) in addition to corporate income tax payable to the Illinois Department of Revenue (Ill. Rev. Stat. 1987, ch. 120, par. 2—201(b)(2)). Under the Insurance Code, the net amount of annual privilege tax paid by an insurer is reduced by the amount paid to Illinois as a tax on or measured by net income (Ill. Rev. Stat. 1987, ch. 73, par. 1021(2)(b)). In accordance with this provision, plaintiff's calculation and payment of its annual privilege tax for the years 1972 through 1980 included a deduction for the amount of corporate income tax which it had paid to the Department of Revenue.

As a result of adjustments made after a Federal tax audit, plaintiff's Federal income tax liability for the years 1972 through 1980 was increased. In December 1986, plaintiff advised the Illinois Department of Revenue that its adjusted Federal tax liability resulted in additional Illinois income tax liability in the amount of $436,272 for the years 1972 through 1980. Thus, for the years 1972 through 1980, plaintiff had underpaid its income taxes, and overpaid its privilege taxes, by $436,272. Plaintiff paid the additional income tax to the Department of Revenue in 1986 and claimed a corresponding credit against its 1986 privilege tax. The Department of Insurance did not dispute plaintiff's right to take the credit against its 1986 privilege tax in the amount of the additional income tax liability paid. In November 1987, the Department of Revenue assessed plaintiff $433,443.26 as interest on the additional income taxes owed for the years 1972 through 1980 but not paid until 1986. Plaintiff paid the interest assessment to the Department of Revenue. Plaintiff subsequently paid $433,443.26 of its 1987 privilege tax under protest, claiming that it was entitled to a credit against its privilege tax in the amount of the income tax interest assessment.

The trial court denied the defendants' motion to dismiss the complaint, finding that the complaint adequately stated causes of action for declaratory and injunctive relief. Thereafter, the trial court granted plaintiff's motion for summary judgment, concluding that the interest assessed on the delinquent income taxes was to be construed as a "tax on or measured by net income" for purposes of calculating a credit against privilege taxes under the Insurance Code. The court held that this result was equitable because the dollar-for-dollar credit of income tax against privilege tax ensured that the State held the full amount owed by plaintiff even though the company had made the payments to the Department of Insurance rather than to the Department of Revenue. Accordingly, the court ordered that the interest assessment paid in 1987 be credited against plaintiff's privilege tax and that the monies

paid under protest be refunded. The trial court also ordered similar relief for a $171,169 interest assessment paid by plaintiff in 1988 for late payment of income tax liability for the years 1981 through 1983.

Defendants have appealed, asserting that the trial court erred in construing the interest payment as payment of income tax and in allowing plaintiff to take a credit for the interest assessments against its privilege taxes.

Section 409 of the Illinois Insurance Code requires foreign insurers doing business in this State to pay a privilege tax equal to 2% of its net taxable premium income, but allows a deduction from this tax equal to the amount paid during the preceding calendar year as a tax on or measured by net income. (Ill. Rev. Stat. 1987, ch. 73, pars. 1021(1), (2)(b).) The Insurance Code also includes a provision for refunds of overpayments of the privilege tax, but requires that such refunds be sought within six years of the overpayment. (Ill. Rev. Stat. 1987, ch. 73, par. 1024(1).) Although the Insurance Code does not define the phrase "tax on or measured by net income," the parties agree that this term refers to the income tax imposed by the Illinois Income Tax Act (Ill. Rev. Stat. 1987, ch. 120, par. 1—101 et seq.). The dispute in this case centers on the question of whether the interest assessments on delinquent income taxes should be included in the amount of and considered to be income tax when calculating the credit against an insurer's privilege tax.

■ In construing statutes, the role of the courts is to ascertain and give effect to the intent of the legislature. (*Methodist Medical Center v. Taylor* (1986), 140 Ill. App. 3d 713, 489 N.E.2d 351; *Indian Valley Golf Club, Inc. v. Village of Long Grove* (1985), 135 Ill. App. 3d 543, 481 N.E.2d 277.) The plain meaning of the language used by the legislature is the safest guide in construing any act, and the court has no right to read into the statute words that are not found therein either by express inclusion or by fair implication. *Indian Valley Golf Club*, 135 Ill. App. 3d 543, 481 N.E.2d 277; *Illinois Publishing & Printing Co. v. Industrial Comm'n* (1921), 299 Ill. 189, 132 N.E. 511.

■ Initially we note that the obligation to pay income tax and the obligation to pay privilege tax are separate and distinct from each other. Section 201 of the Illinois Income Tax Act imposes upon corporations an annual 4% tax on net income for the privilege of earning or receiving income in this State. (Ill. Rev. Stat. 1987, ch. 120, pars. 2—201(a), (b)(2).) This language clearly indicates that the income tax is to be imposed upon money earned or otherwise received by the taxpayer. Section 409(2)(b) of the Insurance Code expressly states that a foreign insurer in computing its privilege tax may deduct the amount paid as a

tax on net income or measured by net income during the preceding calendar year. Ill. Rev. Stat. 1987, ch. 73, par. 1021(2)(b).

By the plain meaning of the words used by the legislature, an interest assessment on delinquent taxes is neither of these. Rather, interest is assessed on overdue tax and is computed on the amount and term of the tax delinquency. Interest is not assessed on or computed by the amount of net income received by the taxpayer. The statutory language in section 409(2)(b) of the Insurance Code is clear and unambiguous and does not mention or make reference in any way to interest assessments upon delinquent income taxes. Had the legislature intended that interest on delinquent income taxes be deducted from privilege taxes, the legislature would have expressly provided for such a deduction. (*Bodine Electric Co. v. Allphin* (1980), 81 Ill. 2d 502, 410 N.E.2d 828.) Because an interest assessment is not based upon amounts earned or otherwise received by the taxpayer, it cannot in any way be construed as a tax on or measured by net income. Rather, it is an amount owed which must be paid in addition to the amount of the tax because the tax was not paid on time.

In addition, interest is treated differently from the tax imposed by the Income Tax Act. The corporate income tax is assessed at an annual rate of 4% while interest is assessed at an annual rate of 9% and accrues from the date due until the tax is paid. (Ill. Rev. Stat. 1987, ch. 120, pars. 2—201(b)(2), 10—1003(a).) No interest shall be imposed on the interest assessed on delinquent taxes. (Ill. Rev. Stat. 1987, ch. 120, par. 10—1003(c).) Consequently, we believe that the plain meaning of section 409(2)(b) allows a deduction in computing privilege tax only for actual income taxes paid during the preceding calendar year, and that interest assessments upon delinquent income taxes cannot properly be claimed as a credit against a foreign insurer's privilege taxes.

Plaintiff asserts that section 409(2)(b) of the Insurance Code, providing for the income tax deduction in computing privilege tax, must be construed in conjunction with the Income Tax Act (Ill. Rev. Stat. 1987, ch. 120, par. 1—101 *et seq.*) because both statutes relate to taxation and, consequently, are *in pari materia*.

Specifically, plaintiff refers to section 10—1003(b) of the Income Tax Act, which provides as follows:

> "Interest prescribed under this Section on any tax, including tax withheld by an employer, or on any penalty, shall be deemed assessed upon the assessment of the tax or penalties to which such interest relates and shall be collected and paid on notice and demand in the same manner as tax. Any reference in this Act to the tax imposed by this Act shall be deemed also to refer

to interest imposed by this Section on such tax." Ill. Rev. Stat. 1987, ch. 120, par. 10—1003(b).

Plaintiff contends that this paragraph requires that the interest assessed upon its unpaid income taxes for the years 1972 through 1980 must also be included when calculating the income tax deduction to be applied against its privilege tax under section 409(2)(b) of the Insurance Code. This argument is without merit.

■ Only where a statute is ambiguous on its face should courts look to similar statutes as an aid to construction. (*Kozak v. Retirement Board* (1983), 95 Ill. 2d 211, 219, 447 N.E.2d 394, 398.) Thus, for the rule of *in pari materia* to be applicable, the statute to be construed must be ambiguous. *Kozak*, 95 Ill. 2d at 219, 447 N.E.2d at 398.

When a statute is clear, there is no reason for courts to search for the motives of the legislature to justify giving the statute a meaning different than the words of the statute indicate. (*Kozak*, 95 Ill. 2d at 220, 447 N.E.2d at 399.) In the absence of an ambiguity in the statutory language, there is no reason to consider the wording of similar statutes in construing the provision before the court. *Kozak*, 95 Ill. 2d at 220, 447 N.E.2d at 399.

■ The statutory provision at issue here does not contain any ambiguous language. (Ill. Rev. Stat. 1987, ch. 73, par. 1021(2)(b).) It expressly and exclusively provides that income tax paid in the preceding calendar year may be deducted from the privilege tax due and makes no similar provision for interest assessments upon delinquent income taxes. Consequently, it was improper for the trial court to rely on any portion of the Income Tax Act in construing section 409(2)(b) of the Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 1021(2)(b)).

However, even if it were appropriate to consider similar statutes in construing section 409(2)(b) of the Insurance Code, section 10—1003(b) of the Income Tax Act does not contain a definition of "tax on or measured by net income." Section 10—1003(b) indicates that for collection purposes, interest is to be treated as tax. Under this statute, interest is deemed to be assessed at the same time the tax or penalty to which it relates is assessed and is to be "collected and paid on notice and demand in the same manner as a tax." Thus, this section merely provides for the efficient collection of interest and does not mandate that every reference to income tax in any legislative enactment must also include interest assessed upon delinquent income taxes.

Section 412 of the Insurance Code provides for the refund of privilege tax overpayments within six years but does not indicate that interest is to be paid on the overpayments. (Ill. Rev. Stat. 1987, ch. 73, par. 1024.) Plaintiff was precluded from obtaining a refund on its privi-

lege tax overpayments for the years 1972 through 1980 because the overpayments were not discovered within the requisite six-year period. Plaintiff properly paid the additional tax in 1986 and claimed it as a deduction in computing its 1986 privilege tax liability. Defendant allowed this deduction without challenge.

We do not believe that plaintiff's overpayment of its privilege tax for the years 1972 through 1980 in any way excuses or justifies the underpayment of income taxes for those years, and we find nothing in the statute which persuades us that plaintiff should be relieved of its obligation to pay interest on the delinquent income taxes. In the instant case, plaintiff did not pay the additional tax owed for the years 1972 through 1980 until 1986. The income tax delinquency, therefore, ranged from 13 years for its 1972 liability to five years for its 1980 liability. The Illinois Income Tax statute provides that the taxpayer who fails to pay income taxes on time is liable for an additional assessment for interest based upon the amount and term of the delinquency and may also be obligated to pay penalties. (Ill. Rev. Stat. 1987, ch. 120, pars. 10—1003, 10—1005.) If the State perceives some justification to exempt the payment of interest or penalties or to allow a credit for such amounts paid against other tax obligations owed the State, it need only adopt appropriate legislation in either the Income Tax Code or the Insurance Code. In the absence of such statutory amendment and contrary to plaintiff's argument before this court, we do not perceive the plaintiff's payment of interest on overdue taxes as a windfall to the State.

Moreover, we do not believe that the obligation to pay interest on delinquent income taxes should work to the benefit of a foreign insurer who also happens to owe privilege tax to this State. No other taxpayer would receive a comparable benefit, and we see no reason for disparate treatment in this regard. Consequently, we find that the statutory language of section 409(2)(b) of the Insurance Code does not provide for or permit interest assessments upon delinquent income taxes to be included in the amount of income tax to be deducted when calculating a foreign insurer's privilege tax.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

McNAMARA and RAKOWSKI, JJ., concur.